KENNETH I. GROSS, ESQ. #117838
CHEN FEI LU, ESQ. #315519
KENNETH I. GROSS & ASSOC.
849 S. Broadway, Ste. 504
Los Angeles, CA 90014
(213) 627-0218
kgross@kigrosslaw.com
aliu@kigrosslaw.com

Attorneys for Plaintiff CANDESHA WASHINGTON

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

CANDESHA WASHINGTON

Plaintiff,

v.

VIACOMCBS, INC.; and DOES 1 through 50, inclusive,

Defendants.

Case No. 2:20-cv-00435

**COMPLAINT FOR DAMAGES:**

1. **Copyright Infringement Under 17 U.S.C. §§ 101, *et seq.***
2. **Violation of California Business & Professions Code §§ 17200, *et seq.***
3. **Declaratory Relief**

**JURY TRIAL DEMANDED**

Plaintiff CANDESHA WASHINGTON complains and alleges as follows:

**PARTIES**

1. She is an individual residing in Los Angeles County, California.

2. Defendant VIACOMCBS, INC. was formed by the merger of Viacom, Inc. and CBS Corporation, completed on December 4, 2019.

3. The allegations in the complaint include those against defendants named herein and CBS Corporation, which merged with Viacom, announced on August 13, 2019, and completed as indicated above.

4. VIACOMCBS is a mass media company which produces, promotes, advertises, makes, sells, and license, entertainment products including, television shows, films, for access by traditional television, motion pictures, and digital streaming. It is a worldwide conglomerate, whose reach is unlimited around the globe.

5. VIACOMCBS conducts substantial business activities in Los Angeles, including, but not limited to television studios where programming is produced in the City of Los Angeles.

6. The true names and capacities of Defendants DOES 1 through 50, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names.

7. Plaintiff is informed, believes, and thereon alleges that said DOES 1 through 50, inclusive, are officers, employees, and/or agents of the other defendants and/or the alter-ego of the defendants and were acting in that capacity at all relevant times.

8. Plaintiff will seek leave of this Court to amend this Complaint to show the true names and capacities of DOES 1 through 10, inclusive, when same have been ascertained.

9. Plaintiff is informed, believes, and thereon alleges that each of the defendants named herein as ~~a~~ DOES, were and are in some manner responsible for the actions, acts, and omissions herein alleged, and for the damage caused by the Defendants and are, therefore, jointly and severally liable for the damage caused to Plaintiff.

10. Plaintiff is informed, believes, and thereon allege that each of the Defendants, including DOES 1 through 50, inclusive were, at all times herein relevant, acting in concert with and in conspiracy with each and every one of the remaining Defendants. Plaintiff will amend this Complaint to allege the true names and capacities of such DOES, together with such allegations as are appropriate, when same are ascertained.

11. Each Defendant is sued both as principal and as the servant, agent, employee, co-venturer, and co-tortfeasor of the remaining Defendants, and each of them is liable in some manner for the damages to Plaintiff complained of herein.

12. Plaintiff is informed, believes, and thereon alleges Defendants, and each of them, did at all material times foresee the nature and extent of the probable consequences of their acts in proximately causing said damages to Plaintiff, and acted within the course and scope of such service, agency, employment, and joint venture, and with the knowledge, permission, and authority, actual and apparent, express and implied, direct and vicarious, of the remaining defendants, and each of them.

13. At all times, each Defendant was either an individual, corporation, partnership, association, group, or entity, doing business or carrying on business in this District.

14. Wherever appearing in this Complaint, each and every reference to Defendants or to any of them, is intended to be and shall be a reference to all Defendants hereto, and to each of them named and unnamed, including all fictitiously named Defendants, unless said reference is otherwise specifically qualified.

15. Plaintiff is informed, believes, and thereon alleges that at all relevant times each of the Defendants was the agent, employee, representative, co-conspirator, affiliate, alter-ego, and/or successor-in-interest of each of them, and of each other, and has, in such capacity or capacities, participated in the acts or conduct alleged herein.

## JURISDICTION AND VENUE

16. This action arises under the Copyright Act of 1976, 17 U.S.C. §§101 *et. seq.*, conferring Federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction on Plaintiff's[2] state law claims under 28 U.S.C. § 1367.

17. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(2) as: (a) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District; (b) Defendants conduct business in this District; (c) the unlawful acts of Defendants, complained of herein, have been committed within and/or have had or will

have had an effect in this District; and (f) Plaintiff who resides in and conducts her business in this District, has been and will continue to be damaged by the unlawful acts of Defendants.

## GENERAL ALLEGATIONS

### #SquadGoals

18. Plaintiff CANDESHA (Candy) WASHINGTON, is an actress, writer, producer, and social media influencer.

19. In July, 2019 Plaintiff applied for copyright protection for her original work of the script/screenplay, #SquadGoals. On September 5, 2019 the copyright sought was registered, with Registration Number PAu 3-985-289.

20. In #SquadGoals, the lead character is **Sadie Williamson**, an African-American social media influencer, with a history of mental illness, and features a publicist/manager seeking to control and manipulate her in order to land one of the largest beauty contracts in the history of social media influencers, using Sadie as the bait.

21. Plaintiff is informed and believes, and based thereon alleges that the predecessor to Defendant VIACOMCBS and DOES 1-10, CBS Corporation[1] produced, aired licensed and streamed digitally, the television series *Bull.*

22. On October 14, 2019, CBS aired the Bull episode *Her Own Two Feet*. The Bull episode features a lead character by the name of **Sadie Williams**, an African-American social media influencer, with a history of mental illness, and a father seeking to control her business affairs in order to sell her beauty products business for $100 million, using Sadie as the bait.

23. The Bull episode referenced herein, and #SquadGoals are remarkably similar.

[1] CBS Corporation was the owner of CBS Television Studies which produced and aired the television show *Bull*.

24. Not only are the stories of the two works described herein nearly identical, the press release for *Her Own Two Feet* put out by CBS Corporation and published on IMBD and other media outlets, misnamed their own character, referring to her in the press releases as **Sadie *Washington***, the same last name of Plaintiff, the creator of the story and owner of the work.

25. Plaintiff has complied in all respects with the Copyright Act of 1976, 17 U.S.C. §101 *et. seq.* and all other laws governing copyrights with regard to #SquadGoals.

26. Since its creation, Plaintiff has been, and still is, the sole author and exclusive holder of all rights, title, and interest in and to the copyright to #SquadGoals. Plaintiff has not granted any license or right to any person or entity, including Defendants, to use the copyrighted work.

27. Defendants production and airing commercially of the Bull Episode *Her Own Two Feet* infringes on Plaintiff's exclusive rights in her work #SquadGoals.

## CLUELESS REMAKE

28. Plaintiff is informed and believes and based thereon alleges that Defendants are currently developing, promoting, and marketing a remake of the popular and commercially successful 1995 movie, *Clueless*, which uses the copyrighted work #SquadGoals as its storyline, including character development. Rather than a motion picture, the remake will be a television series.

29. In the original Clueless, Dionne Davenport was the best friend of lead, Cher Horowitz. In the planned remake, the show will focus on the formerly number two, Dionne. The copyrighted work of Plaintiff, #SquadGoals, revolves around Sadie who used to be best friends with the "Queen Bee," but is now in the spotlight. Both are African-American.

30. The new Clueless series will center on the disappearance of Cher, who was the focus of the movie. In #SquadGoals, the story is the same, as the former leader of the band of friends disappears.

Press releases for the new show describe it as:

"...the reboot actually sounds less like HBO's Euphoria and more like Riverdale-meets-Pretty Little Liars as it follows Dionne as she becomes the most popular girl in school following Cher's disappearance."

"When Cher disappears, Dionne must take on the pressures of being the new most popular girl in school while also unraveling the mystery of what happened to her friend."

In #SquadGoals, following the disappearance of her best friend, Roxy, Sadie becomes the new number one and balances holding on to that informal title, while she and her group of friends all become suspects in her murder as they try to discover what happened to Roxy.

31. Plaintiff submitted a treatment of her story to Imagine Impact, LLC (Imagine). Plaintiff is informed and believes, and based thereon alleges that at the time Imagine had a "first look deal" with CBS Corporation. In the submission of Plaintiff's treatment, she described it in writing as being inspired by Riverdale, Pretty Little Liars and Mean Girls, as the story centers on a murder mystery following the disappearance of Roxy, which elevates the lead, Sadie Williamson, not unlike the rise of Dionne.

**FIRST CAUSE OF ACTION**

**FOR COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101, *et seq.*)**

**AGAINST ALL DEFENDANTS (The Bull Episode)**

32. Plaintiff realleges -paragraphs 1 through 31 of the Complaint and incorporates them by this reference as though fully set forth herein.

33. At all times relevant hereto, Plaintiff has been the owner of all copyright rights or rights to assert copyright claims for the copyright in #SquadGoals and all derivative works. Plaintiff has complied in all respects with the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, and all other laws governing copyright.

34. Plaintiff is informed and believes and thereon alleges that Defendants, without authorization, have infringed and will continue to infringe the copyright of Plaintiff described herein by using, airing, licensing, streaming, selling and advertising, *Her Own Two Feet*, or otherwise exploiting same without a license or authorization or any right to do so.

35. By means of the actions complained of herein, Defendants and each of them, have infringed, and will continue to infringe, the copyright of Plaintiff.

36. Plaintiff is entitled to an injunction restraining Defendants, and each of them, and all persons acting in concert with them, from engaging in further such acts in violation of the copyright laws.

37. As a direct result of Defendants' infringement, Plaintiff has sustained damages and will continue to sustain damages in an amount to be determined at trial.

38. Pursuant to 17 U.S.C. §§ 502, 503, 504, and 505, Plaintiff is entitled to an award of actual or statutory damages, injunctive relief, the impoundment and destruction of the infringing materials, and her attorneys' fees and costs.

39. Plaintiff is also entitled to damages, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et. seq*., for Defendants' willful and continued infringement of her copyright.

**SECOND CAUSE OF ACTION**

**FOR COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101, et seq.)**

**AGAINST ALL DEFENDANTS (Clueless Remake)**

40. Plaintiff realleges paragraphs 1 through 31, and 33 of the Complaint, and incorporates them by this reference as though fully set forth herein.

41. Plaintiff is informed and believes and thereon alleges that Defendants, without authorization, have infringed and will continue to infringe the copyright of Plaintiff described herein by continuing with the development of the Clueless Remake, as well

as advertising, promoting, marketing, airing, licensing, streaming, and selling the same, or otherwise exploiting same without a license or authorization or any right to do so.

42. By means of the actions complained of herein, Defendants and each of them, have infringed, and will continue to infringe, the copyright of Plaintiff.

43. Plaintiff is entitled to an injunction restraining Defendants, and each of them, and all persons acting in concert with them, from engaging in further such acts in violation of the copyright laws.

44. As a direct result of Defendants' infringement, Plaintiff has sustained damages, and or will sustain damages in an amount to be determined at trial.

45. Pursuant to 17 U.S.C. §§ 502, 503, 504, and 505, Plaintiff is entitled to an award of actual or statutory damages, injunctive relief, the impoundment and destruction of the infringing materials, and her attorneys' fees and costs.

46. Plaintiff is also entitled to damages, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, et. seq., for Defendants' willful and continued infringement of her copyright.

## THIRD CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200, *et seq.*

## AGAINST ALL DEFENDANTS

47. Plaintiff realleges paragraphs 1 through 31, and 33 of the Complaint and incorporates them by this reference as though fully set forth herein.

48. Defendants have committed all of the aforesaid acts without regard to Plaintiff's exclusive rights in the work #SquadGoals.

49. Defendants' acts and practices as detailed above constitute acts of unlawful, unfair or fraudulent business acts and practices within the meaning of California Business and Professions Code §§ 17200, *et seq*.

50. Pursuant to California Business and Professions Code §17203, Plaintiff seeks an order from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices set forth herein.

51. Plaintiff additionally requests an order from this Court requiring that Defendants disgorge profits and return or pay to Plaintiff all of Defendants' profits from the unlawful conduct described herein, and/or pay restitution to Plaintiff of all sums received by Defendants for use of Plaintiff's copyrighted work or otherwise related to *Her Own Two Feet* or the Clueless Remake.

52. Plaintiff further requests an Order by this Court that Defendants are the trustee of all sums received by them related to *Her Own Two Feet,* the Clueless Remake or any other use of Plaintiff's copyrighted work, that rightfully belongs to Plaintiff, and to impose a constructive trust on said sums directing Defendants to hold said sums for the benefit of Plaintiff and to pay over to Plaintiff said sums.

## FOURTH CAUSE OF ACTION
## DECLARATORY RELIEF
## AGAINST ALL DEFENDANTS

53. Plaintiff realleges paragraphs 1 through 52 of the Complaint and incorporates them by this reference as though fully set forth herein.

54. An actual controversy has arisen and now exists between Plaintiff and Defendants with regard to:

   a. Defendants using, airing, licensing, streaming, selling and advertising the Bull episode, *Her Own Two Feet*, as Plaintiff contends such actions by Defendants infringe her copyright for #SquadGoals, PAu 3-985-289, as described herein;

   b. Defendants' development of the Clueless Remake, as well as advertising, promoting, marketing, airing, licensing, streaming, and selling the same, as Plaintiff contends such actions by Defendants infringe her copyright for #SquadGoals, PAu 3-985-289, as described herein.

55. A judicial determination of these issues and of the respective rights of Plaintiff and Defendants is necessary and appropriate at this time under the circumstances because Defendants continue to use, exploit and market the Bull Episode *Her Own Two Feet* and continue with the development, marketing and promotion of the Clueless Remake, thereby diminishing or extinguishing Plaintiff's rights and ability to commercially use her copyrighted work, #SquadGoals.

**WHEREFORE** Plaintiff prays as follows:

a. That Defendants, their agent, servants, employees, predecessors, successors, parents, and affiliates be enjoined from airing, selling, licensing, marketing, displaying, promoting, showing, developing *Her Own Two Feet* and the Clueless Remake or making any use of Plaintiff's copyrighted work, #SquadGoals, Registration Number PAu 3-985-289;

b. That Plaintiff be awarded all profits of Defendants, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §101, et seq.;

c. For an Order that Defendants have no rights in the copyrighted work #SquadGoals and may not continue any further use, development, promotion, marketing, sale, licensing, streaming, or any other commercial use of *Her Own Two Feet*; The Clueless Remake, or any other material derived from #SquadGoals;

d. That Plaintiff be awarded her attorney fees as available under the Copyright Act 17 U.S.C. §101, et seq.;

e. Directing such other relief as the Court may deem appropriate to prevent the Defendants from participating in other copyright infringements or unfair use of Plaintiff's protected work, and;

Such other relief as the Court may deem appropriate.

Date: January 15 2020

KENNETH I. GROSS & ASSOC.

By: ______________________

Kenneth I. Gross, Esq.
Chen Fei Liu
Attorneys for Plaintiff CANDESHA WASHINGTON

**DEMAND FOR A TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all Causes of Action in the Complaint so triable.

Date: January 15 2020

KENNETH I. GROSS & ASSOC.

By: ______________________

Kenneth I. Gross, Esq.

Chen Fei Liu

Attorneys for Plaintiff CANDESHA WASHINGTON