David Halberstadter (SBN 107033)
david.halberstadter@katten.com
Joanna M. Hill (SBN 301515)
joanna.hill@katten.com
Shelby A. Palmer (SBN 329450)
shelby.palmer@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

Attorneys for Defendant
ViacomCBS Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| CANDESHA WASHINGTON,<br><br>        Plaintiff<br><br>   v.<br><br>VIACOMCBS, INC.; AND DOES 1 THROUGH 50,<br><br>        Defendants. | Case No. 2:20-cv-00435<br><br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>[Fed. R. Civ. Proc. 201]<br><br>[Hon. Consuelo B. Marshall]<br><br>*[Defendant's Motion to Dismiss; Declaration of Joanna M. Hill; Notice of Lodging; and [Proposed] Order filed concurrently herewith]*<br><br>Date: May 5, 2020<br>Time: 10:00 A.M.<br>Place: Room 8B |

Pursuant to Rule 201(b) of the Federal Rules of Evidence, defendant ViacomCBS Inc. ("Defendant") hereby respectfully requests that the Court take judicial notice of the following creative works and facts, based on the following evidence submitted in support of judicial notice and the legal authorities set forth below.

## I.  WORKS AND FACTS SUBJECT TO JUDICIAL NOTICE

As set forth in Defendant's concurrently-filed Motion to Dismiss ("Motion"), a comparison of the works at issue compels the conclusion that plaintiff Candesha Washington's ("Plaintiff") copyright infringement claim should be dismissed because, as a matter of law, no protectable copyright interest in Plaintiff's work has been infringed by the episode of the television series, *Bull*, identified in Plaintiff's Complaint (the "*Bull* Episode") or the hypothetical development of a proposed television series based on the 1995 film *Clueless* (the "Proposed *Clueless* Series").

First, Defendant requests that the Court take judicial notice of the contents of the following works alleged in the Complaint:

1. The certified Copy of Deposit, on file with the U.S. Copyright Office under registration number PAu 3-985-289, consisting of Plaintiff's registered pilot episode for a proposed television series entitled #SquadGoals (the "Pilot") and an accompanying "treatment" of the Pilot (the "Treatment"). The certified Copy of Deposit is attached to Declaration of Joanna M. Hill ("Hill Decl.") as Exhibit A.

2. The *Bull* Episode, which is identified in the Hill Decl. as Exhibit B and separately lodged.

Second, Defendant requests that the Court take judicial notice of the following facts, which are not subject to reasonable dispute:

1. According to U.S. Census Bureau data from 2010, "Williams" is the third most common surname in the United States, and as of 2010, 47.7 percent of people in the United States with the surname "Williams" identify as African-American.

2. According to U.S. Census Bureau data from 2010, "Williamson" is the 267th most common surname in the United States, and as of 2010, 17.4 percent of people in the United States with the surname "Williamson" identify as African-American. The document supporting Fact Nos. 1 and 2 is attached to the Hill Decl. as <u>Exhibit C</u>.

Third, Defendant requests that the Court take judicial notice of the following facts about the storylines of motion pictures and television shows, which also are not subject to reasonable dispute:

3. There are numerous motion pictures and television shows that include storylines about the disappearance of a young woman or teenage girl.

4. Motion pictures and television shows that include storylines about the disappearance of a young woman or teenage girl typically also include a storyline about an investigation into the disappearance. The documents supporting Fact Nos. 3 and 4 are compiled and attached to the Hill Decl. as <u>Exhibit D</u>.

## II. JUDICIAL NOTICE MAY BE TAKEN OF WORKS THAT ARE ALLEGED IN THE COMPLAINT.

Under the "incorporation by reference" doctrine, courts frequently take judicial notice of "documents whose contents are alleged in a complaint . . . but which are not physically attached to the pleading." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405, n. 4 (9th Cir. 1996) (quoting *Fecht v. The Price Co.*, 70 F.3d 1078, 1080 n. 1 (9th Cir.1995)). Courts properly may consider matters that are subject to judicial notice on a motion to dismiss. *Thomas v. Walt Disney Co.*, 337 F. App'x 694, 695 (9th Cir. 2009); *Newt v. Twentieth Century Fox Film Corp.*, No. 15-02778, 2016 WL 4059691, at *2-3 (C.D. Cal. July 27, 2016); *Gadh v. Spiegel*, No. 14-855, 2014 WL 1778950, at *3 n. 2 (C.D. Cal. Apr. 2, 2014).

Plaintiff alleges that the *Bull* Episode infringes on her copyrighted works, which

comprise both the Pilot and the Treatment.[1]  *See* Compl. ¶¶ 31, 34.  Courts in this district routinely take judicial notice of such creative materials when ruling on a motion to dismiss.  *See*, *e.g.*, *Thomas*, 337 F. App'x at 695 (district court properly took judicial notice of plaintiff's written work and defendants' animated movie in granting motion to dismiss); *Campbell v. Walt Disney Co.*, 718 F. Supp. 2d 1108, 1111, n. 3 (N.D. Cal. 2010) (district court took judicial notice of plaintiffs' screenplay and the allegedly infringing film because the contents of each were alleged in the complaint); *Newt*, 2016 WL 4059691, at *2-3 (district court took judicial notice of DVDs comprising the first season of the television series *Empire*, plaintiff's screenplay and plaintiff's documentary film); *Gadh*, 2014 WL 1778950, at *3 n. 2 (district court took judicial notice of plaintiffs' script and allegedly infringing motion picture).  Given that Plaintiff's Complaint is based on the Pilot, Treatment and the *Bull* Episode and all three works are alleged therein, each of these works is properly subject to judicial notice.

### III. WHEN PROVIDED WITH THE NECESSARY INFORMATION, FEDERAL COURTS *MUST* TAKE JUDICIAL NOTICE OF FACTS THAT ARE NOT SUBJECT TO REASONABLE DISPUTE.

Rule 201(b) of the Federal Rules of Evidence permits courts, upon the request of a party at any stage of litigation, to take judicial notice of facts that are either "generally known within the trial court's territorial jurisdiction" or that are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably by questioned."  Further, a court "*must* take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c) (emphasis added).

The contents of public records, like census data, are appropriate subject matter for judicial notice.  *See Marcus v. ABC Signature Studios, Inc.*, 279 F. Supp. 3d 1056,

---

[1] Defendant argues in its Motion to Dismiss ("Motion") that only the Treatment should be considered for substantial similarity purposes because Defendant is not alleged to have obtained access to the Pilot.  Nevertheless, the Motion does discuss the Pilot, as well, which is why Defendant asks the Court to take judicial notice of *both* of Plaintiff's registered works, both of which are alleged in the Complaint.

1063 (C.D. Cal. 2017) (in connection with a copyright infringement claim, the district court took judicial notice of United States Census Bureau data identifying the top fifteen most popular last names); *United States v. Esquivel*, 88 F.3d 722, 727 (9th Cir. 1996) (district court properly took judicial notice of 1990 census data showing the number of Latinos eligible for jury service).[2] Accordingly, this Court should and must take judicial notice of Fact Nos. 1 and 2.

## IV. NINTH CIRCUIT COURTS ROUTINELY TAKE JUDICIAL NOTICE OF COMMON OR GENERIC ELEMENTS IN CREATIVE WORKS.

As courts in this district frequently have made clear, it is proper for a court to take judicial notice of stock elements that commonly appear in films and television shows in connection with a motion to dismiss a copyright infringement claim. Taking judicial notice of such common and/or generic elements is considered to aid in a court's analysis of substantial similarity.

For example, in *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1129 (C.D. Cal. 2007), the court held that "[i]n the context of copyright claims, the Court may take judicial notice of generic elements of creative works." The *Zella* court took judicial notice that a host, guest celebrities, an interview and a cooking segment are common elements of television shows, finding it proper to judicially notice "elements of a television show [that] are common and prevalent in public works" because they were "generally known and [could] be verified simply by watching television." *Id.*

And similarly, in *Fillmore v. Blumhouse Prods., LLC*, No. 16-04348, 2017 WL 4708018, at *3 (C.D. Cal. July 7, 2017), *aff'd*, 771 F. App'x 756 (9th Cir. 2019), the court took judicial notice of the facts that (i) a resurrection, (ii) bringing the dead back to life, and (iii) dream sequences are all common elements in creative works because

---

[2] Courts in other districts similarly have held that it is proper to take judicial notice of census data. *See, e.g. Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571-72 (5th Cir. 2011) (district court properly took judicial notice of census statistics showing the relocation rate of Texas citizens); *American Civil Rights Union v. Martinez-Rivera*, 166 F. Supp. 3d 779, 790-91 (W.D. Tex. 2015) (district court properly took judicial notice of census data showing the number of citizens eligible to vote).

143632231

the commonality of these elements was "not subject to reasonable dispute" and "generally known within the court's jurisdiction." *Id.*

In *Reflex Media v. Pilgrim Studios*, No. 18-2260, 2018 WL 6566561, at *3 n. 3 (C.D. Cal. Aug. 27, 2018), the district court similarly took judicial notice of "generic elements common to reality dating shows," including "(1) casting young attractive singles, (2) filming multiple-day dates in exotic locations, (3) contestants participating in bonding activities, and (4) a theme and mood of fun, adventure, and anticipation for the purpose of burgeoning romantic feelings between the participants on the show."

In *Weiss v. DreamWorks SKG*, No. 14-02890, 2015 WL 12711658, at *4 (C.D. Cal. Feb. 9, 2015), the district court took judicial notice of "the fact that Marilyn Monroe is frequently the subject of creative works" because "one simply has to watch television or movies or read books" to know this generic fact.[3]

In this case, Plaintiff alleges that her copyrighted works and the Proposed *Clueless* Series center on the disappearance of a young woman/teenage girl and the subsequent investigation into her disappearance. Defendant argues in the Motion that this storyline is common, generic, and evident in many motion pictures and television shows. For example:

---

[3] Courts in other districts similarly have held that it is proper to take judicial notice of generic creative elements. *E.g., Effie Film, LLC v. Pomerance*, 909 F. Supp. 2d 273, 298, 300 (S.D.N.Y. 2012) ("Rule 201(b) imposes no artificial limits on the range of facts which may be noticed" and "courts have recognized that they may judicially notice 'the generic elements of creative works.'"); *Davis v. Am. Broad. Companies, Inc.*, No. 10-167, 2010 WL 2998476, at *5 (W.D. Mich. July 28, 2010) ("[T]he Court may consider matters subject to judicial notice pursuant to Federal Rule of Evidence 201, including the generic elements of creative works."). In *Walker v. Time Life Films, Inc.*, 615 F. Supp. 430, 436, 438 (S.D.N.Y. 1985), aff'd, 784 F.2d 44 (2d Cir. 1986), the court took judicial notice that "members of the New York Police Department are often portrayed as Irish, smokers, drinkers, and third or fourth generation police officers" and noted that in "any account based on experiences in a poverty stricken, crime-ridden environment, depictions of bribery, prostitution, purse-snatching and neighborhood hostility to law enforcers are inevitable." In affirming the district court's decision, the Second Circuit added that "[e]lements such as drunks, prostitutes, vermin and derelict cars would appear in any realistic work about the work of policemen in the South Bronx" and "foot chases and the morale problems of policemen … [are] often-recurring themes of police fiction." *Walker*, 784 F.2d at 50. Finally, in *Gal v. Viacom Intern., Inc.*, 518 F. Supp. 2d 526, 546-47 (S.D.N.Y. 2007), the court took judicial notice of other specific works cited by defendants as featuring corporate greed in the pharmaceutical industry and centering around the development of miracle drugs.

*Megan is Missing*: A film in which a popular teenage girl is never seen again after meeting a guy she talked to online. Police investigate her disappearance. *See* Hill Decl., Exhibit ("Ex.") D at 1.

*Paper Towns*: A film in which the most popular girl in school goes missing after playing pranks on friends who betrayed her, and her friends use clues to search for her. *See Id.* at Ex. D at 9.

*Searching*: A film in which a father's teenage daughter goes missing, and after the police investigation goes nowhere, the father searches her laptop for clues about her disappearance. *See Id.* at Ex. D at 14.

*Elsewhere*: A film about a young girl's disappearance after meeting men online, and her friend's subsequent investigation into the disappearance. *See Id.* at D at 19.

*Pretty Little Liars*: A television series about a group of five high school girls who search for answers after their group leader goes missing. *See Id.* at D at 23.

*Law & Order: SVU*: There are numerous episodes in this television series in which detectives investigate the disappearance of a young woman, including the episodes titled "Runaway," "Friending Emily," and "No Good Reason." *See Id.* at D at 27-41.

*Without a Trace*: A television series focused on a Missing Persons Unit that investigates the disappearance of people. Numerous episodes involve the disappearance of a young woman, including the episodes entitled "Between the Cracks," "Maple Street" and "Confidence." *See Id.* at D at 43-55.

In sum, there is no reasonable dispute that storylines centered on the disappearance of a young woman or teenage girl and a subsequent investigation into her disappearance are common to many motion pictures and television shows. Therefore, Fact Nos. 3 and 4 are properly subject to judicial notice.

Defendant respectfully requests that the Court grant its Request for Judicial Notice in its entirety.

143632231

1  Dated:  March 13, 2020                    KATTEN MUCHIN ROSENMAN LLP

                                             By: /s/ Joanna M. Hill
                                                 Joanna M. Hill
                                             Attorneys for Defendant
                                             ViacomCBS Inc.

8

143632231