UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDESHA WASHINGTON,<br><br>    Plaintiff,<br><br>vs.<br><br>VIACOMCBS, INC.; and DOES 1 THROUGH 50,<br><br>    Defendants. | Case No.: 2:20-cv-00435-CBM-(PJWx)<br><br>**ORDER RE: GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 15)** |

The matter before the Court is Defendant ViacomCBS, Inc.'s ("ViacomCBS") Motion to Dismiss Plaintiff Candesha Washington's ("Plaintiff") Complaint under Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1)") and Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6).

## I.    BACKGROUND

ViacomCBS is a mass media company whose entertainment products have a global reach. (Dkt. No. 2 (Complaint) at ¶¶ 4-5.) CBS Television Studios ("CBS"), through its then-owner CBS Corporation, produced, aired, licensed, and streamed digitally, the television series *Bull*.[1] (*Id.* at ¶ 21.) On October 14, 2019,

---

[1] CBS Corporation has since merged with ViacomCBS. (Compl. at ¶ 2.) CBS Corporation is referred to as "ViacomCBS" before and after the merger for the purposes of this order.

1

CBS aired the *Bull* episode entitled *Her Own Two Feet* (the "*Bull* episode"). (*Id.* at ¶ 22.) Defendant also disseminated a press release on or around October 17-19, 2019 describing a proposed television remake of the 1995 movie, *Clueless* (the "proposed *Clueless* remake"). (*Id.* at ¶ 28.)

On January 16, 2020, Plaintiff filed this action against Defendant alleging the following causes of action: (1) copyright infringement pursuant to 17 U.S.C. §§ 101 et seq. as to the *Bull* episode; (2) copyright infringement pursuant to 17 U.S.C. §§ 101 et seq. as to the proposed *Clueless* remake; (3) violation of California Business & Professions Code §§ 17200 et seq.; and (4) declaratory relief under 17 U.S.C. §§ 101 et seq. (Dkt. No. 2 (Complaint).) The Complaint alleges the *Bull* episode and the proposed *Clueless* remake infringe Plaintiff's exclusive copyright in her original screenplay, entitled *#SquadGoals*. (*Id.* at ¶¶ 19, 27.) Plaintiff alleges Defendant received access to *#SquadGoals* through submission of Plaintiff's treatment to an intermediary, Imagine Impact, LLC ("Imagine") and their first look deal with Defendant, ViacomCBS. (*Id.* at ¶ 31.)

## II. JURISDICTION

The Court has jurisdiction over this action under the Copyright Act of 1976 and 28 U.S.C. § 1331.

## III. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(1)

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "the party asserting jurisdiction bears the burden of proof jurisdiction exists." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011). If a federal court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### B. Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts are taken as true, with all reasonable inferences in favor of the plaintiff. *Twombly*, 550 U.S. at 570. Labels, conclusions, or formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 555. A complaint must state "evidentiary facts which, if true, will prove [the claim]." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008). In considering a motion to dismiss for failure to state a claim, a court may only consider the allegations contained in the pleadings, exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).

## IV. DISCUSSION

### A. REQUEST FOR JUDICIAL NOTICE

Courts may judicially notice a fact that is not subject to reasonable dispute because it can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A court may take notice of documents that are incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Under Fed. R. Evid. 201(b), a court must identify the facts it notices from the document itself. *See Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 999 (9th Cir. 2018) (holding judicial notice of transcript improper when substance of transcript "is subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes") (quoting *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)). Regarding copyright claims, a court may grant judicial notice of generic elements in creative works that are generally knowable. *Silas v. Home Box Office, Inc*. 201 F.Supp.3d 1158, 1170 (C.D. Cal. 2016).

Here, Defendant requests the Court to take judicial notice of: (1) Plaintiff's certified Copy of Deposit registered with the U.S. Copyright Office of *#SquadGoals* and an accompanying treatment of the pilot; (2) the *Bull* episode; (3) U.S. Census Bureau data finding "Williams" as the third most common surname in the United States; (4) U.S. Census Bureau finding "Williamson" as the 267th most common surname in the United States; (5) the fact that there are numerous motion pictures and television shows that include storylines about the disappearance of a young woman or teenage girl; and (6) the fact that such storylines typically also include a storyline about an investigation into the disappearance of a young woman or teenage girl. (Dkt. No. 16 (Request) at 2:15- 3:15.) Plaintiff does not oppose the RJN.

The Complaint refers extensively to the *Bull* episode and the treatment. Therefore, the *Bull* episode and treatment are incorporated by reference into the Complaint. Accordingly, the RJN is **DENIED** as moot as to Exhibit A (the treatment) and Exhibit B (the *Bull* episode). (Dkt. No. 15-1.)

The Court **DENIES** the request for judicial notice as to Exhibit A (the script), because the Complaint only alleges violations of the Copyright Act regarding the treatment for *#SquadGoals* and not the script.

The Court **GRANTS** Defendant's request for judicial notice as to Exhibit C (Plaintiff's certified Copy of Deposit of *#Squadgoals* and U.S. Census Bureau Data), as they are matters of public record and are not subject to reasonable dispute.

The Court **GRANTS** Defendant's request for judicial notice as to Exhibit D (generic storylines of motion pictures and television shows), because storylines about the disappearance of a young woman or teenage girl are not subject to reasonable dispute and generally knowable within this Court's jurisdiction.

Moreover, investigations into the disappearance of a young woman or teenage girl are generic and common elements in films of the aforementioned genre.[2]

### B.    PLAINTIFF FAILS TO PLAUSIBLY ALLEGE INFRINGEMENT IN THE FIRST CAUSE OF ACTION

To withstand a motion to dismiss a copyright infringement claim under Rule 12(b)(6), a plaintiff must allege: (1) ownership of a valid copyright, and (2) copying constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tele. Serv. Co.,* 499 U.S. 340, 361 (1991). Courts have construed the second element of a copyright infringement claim to require: (1) access and (2) substantial similarity. *Unicolors, Inc. v. Urban Outfitters, Inc.,* 853 F.3d 980, 985 (9th Cir. 2017) (citing *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.,* 562 F.2d 1157, 1162 (9th Cir. 1977)). Therefore, the Court considers whether: (a) Defendant had access to Plaintiff's copyrighted work, and (b) the works are substantially similar. *Cavalier v. Random House, Inc.* 297 F.3d 815, 822 (9th Cir. 2002). Assessing whether works are substantially similar requires application of the extrinsic test, which focuses on objective similarities in plot, themes, characters, and other detailed elements that indicate similarities between the alleged infringer's work and the Plaintiff's protectable creative material. *Id.*

Although determining the similarity between two works is often a fact-intensive inquiry, courts can determine whether substantial similarity exists on a motion to dismiss if both the copyrighted and allegedly infringing works are before the court, and there is no reasonable basis upon which a jury could find the two works substantially similar. *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076-77 (9th Cir. 2006), *distinguished by*, 853 F.3d 980, 986

---

[2] While Defendant seeks judicial notice of basic plot elements, the movie summaries attached in the exhibit are not properly the subject of judicial notice. *See Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1129 (C.D. Cal. 2007) (holding specific shows were not properly the subject of judicial notice because they were not commonly known within the District and their accuracy could not be verified by the court).

1  (9th Cir. 2017); *Three Boys Music,* 212 F.3d at 485, *rev'd on other grounds*, 952
2  F.3d 1051 (9th Cir. 2020).

### a. The Allegations of the Complaint Relate only to the Treatment

Based on the allegations of the Complaint, it is unclear whether Plaintiff alleges Defendant had access to the treatment only, or both the screenplay and the treatment. The Complaint alleges Plaintiff submitted the treatment to Imagine, while her Opposition and Declaration allege she submitted to Imagine the treatment *and* her "copyrighted screenplay." (Compl. at ¶ 31; MTD Opp. at 8:24-25; Washington Decl., Exh. 1 (Summary Reports) at p. 2.) Because the adequacy of the Complaint is reviewed on a motion to dismiss, *see Tellabs*, 551 U.S. at 322 (2007), the Court considers only the treatment in this order.[3]

### b. Plaintiff Fails To Allege Defendant Had Access to the Treatment.

To overcome a motion to dismiss, plaintiff must allege defendant had a "reasonable opportunity" to view plaintiff's work. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000) (citation omitted). "[E]vidence that a third party with whom both the plaintiff and defendant were dealing had possession of plaintiff's work is sufficient to establish access." *Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2005) (citation omitted). "[T]he dealings between the plaintiff and the intermediary and between the intermediary and the alleged copier must involve some overlap in subject matter to permit an inference of access." *Id.*(citation omitted). Thus, "bare corporate receipt" of a work by an intermediary is insufficient to establish access. *See id.*

Here, Plaintiff alleges she submitted her treatment to Imagine, who worked with ViacomCBS pursuant to a "first-look deal." (Compl. at ¶ 31.) Thus, Plaintiff alleges access via an intermediary. The Complaint does not allege ViacomCBS received the treatment. (*Id.*) Therefore, whether ViacomCBS had a reasonable

---

[3] To be clear, the Court does not address whether Plaintiff plausibly alleges a claim for copyright infringement regarding the script for *#SquadGoals*.

opportunity to view Plaintiff's work is speculative. Plaintiff attempts to cure this deficiency by way of a declaration submitted concurrently with her Opposition. (*See* Dkt. No. 20-1, Ex. A (Washington Decl.).) Plaintiff declares she submitted the script and treatment directly to producers at ViacomCBS on June 20, 2019 and June 29, 2019. (Washington Decl. at ¶ 6.) Because that theory of access is not alleged in the Complaint, the Court does not consider whether those additional allegations overcome the motion to dismiss.

Therefore, the Complaint fails to adequately allege Defendant accessed Plaintiff's work.

### c. Plaintiff Has Not Shown Substantial Similarities between *#SquadGoals* and the *Bull* Episode

Substantial similarity refers to similarity of expression, "not merely similarity of ideas or concepts." *Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc.,* 109 F.3d 1394, 1398 (9th Cir. 1997). Only elements protected by copyright are considered under the extrinsic test, and it is the plaintiff's burden to filter out protectable and unprotectable elements. *See, e.g., Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004); *Three Boys Music*, 212 F.3d at 485 (9th Cir. 2000). However, a plaintiff may establish a pattern of similarities for unprotected elements to render them eligible for copyright protection, but "only if those elements be numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." *Metcalf v. Bochco*, 294 F.3d 1070, 1074 (9th Cir. 2002), *rev'd on other grounds*, 952 F.3d 1051 (9th Cir. 2020).

The Complaint does not allege similarities between *#Squadgoals* and the *Bull* episode. Plaintiff argues in her opposition that many of the similarities between the *#SquadGoals* treatment and the *Bull* episode may not be protectable when reviewed individually, but the numerosity and pattern of such similarities satisfy the extrinsic test. (MTD Opp. at 17:8-13; *see also* Compl. at ¶ 24.)

Plaintiff identifies the following similarities: (1) the protagonist of *#SquadGoals* is named "Sadie Williamson," while the protagonist of the *Bull* episode is named "Sadie Williams;" (2) both protagonists are African-American social medial influencers who suffer from a mental illness; (3) both protagonists rose to fame from humble beginnings; (4) both feature a plot point in which an individual attempts to leverage the protagonist's brand to obtain a lucrative contract in the beauty industry; and (5) both feature a scene in which the protagonist is surrounded by paparazzi, who take her photo and shout her name.

  Here, Plaintiff fails to explain how those elements are "particularly selected and arranged" in a manner different than commonplace elements or a random selection thereof. Plaintiff relies on *Metcalf*, 294 F.3d at 1074, in which the Ninth Circuit found the similarities proffered by the plaintiff were not protectable when considered individually, but "the presence of so many generic similarities and the common patterns in which they arise do help the [plaintiff] satisfy the extrinsic test."[4] Unlike *Alfred* and *Metcalf*, however, this Complaint fails to allege (or describe) the similarities in the arrangement of generic elements in the two works. To the extent Plaintiff relies on the charts attached to her declaration, which identify alleged similarities between the two works, those lists do not describe how those elements were similarly arranged within the two works. *See Litchfield v. Spielberg*, 736 F.2d 1352, 1356 (9th Cir. 1984) ("Lists of similarities are inherently subjective and unreliable...[w]e are particularly cautious where... the list emphasizes random similarities scattered throughout the works.").

  Moreover, the protagonists of the *Bull* episode and *#SquadGoals* share some similarities in their name, occupation, and background. However, significant differences between the two works exist: *#SquadGoals* is akin to a "whodunnit" murder mystery, while the *Bull* episode is akin to a courtroom procedural; the plot

---

[4] *See also Alfred v. Walt Disney Co.*, No. 19-55669, 2020 WL 4207584, at *1-2 (9th Cir. 2020) (reversing dismissal of a copyright infringement action under the extrinsic test).

of *#SquadGoals* focuses on the social dynamics of a group of friends after the suspicious disappearance of their leader, while the plot of the *Bull* episode focuses on the protagonist attempting to end her father's legal guardianship over her; and the secondary characters of the works bear no resemblance to each other. Additionally, the idea that paparazzi would surround and photograph a celebrity, and that friends or family might take advantage of a famous protagonist, are common tropes in stories featuring celebrities.

  Thus, Plaintiff fails to allege facts supporting the substantial similarity of *#SquadGoals* and the *Bull* episode under the extrinsic test. Therefore, the motion to dismiss the First Cause of Action is **GRANTED**.

**C. THE SECOND CAUSE OF ACTION IS NOT RIPE**

  The Second Cause of Action alleges the proposed *Clueless* remake infringes Plaintiff's copyright. Defendant argues the Second Cause of Action is not ripe because the proposed *Clueless* remake has not been created, so any infringement is speculative. When considering a Rule 12(b)(1) motion to dismiss, prior to the court's exercise of jurisdiction there must exist a "constitutional 'case or controversy' where the issues presented are 'definite and concrete, not hypothetical or abstract.'" *Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1139 (9th Cir. 2000) (quoting *Ry Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945)). Courts make two inquiries when evaluating the ripeness of a claim: (1) constitutional considerations under Article III, and (2) prudential considerations. *Colwell v. HHS*, 558 F.3d 1112, 1123 (9th Cir. 2009). For a suit to be ripe under Article III, the allegations must present "concrete legal issues... not mere abstractions". *Elec. Bond & Share Co. v. Sec. & Exch. Comm'n*, 303 U.S. 419, 443 (1938). However, a plaintiff need not wait for a threatened injury to materialize to obtain preventive relief if impending injury is certain. *Addington v. U.S. Airline Pilots Ass'n,* 606 F.3d 1174, 1179 (9th Cir. 2010) ("If the injury is certainly impending, that is enough."). More generally, a ripeness analysis is

designed to separate cases that are "premature for review because the injury is speculative and may never occur from those cases that are appropriate for federal court action." *Wolfson v. Brammer*, 616 F.3d 1045, 1057 (9th Cir. 2010).

The proposed *Clueless* remake has not been produced and no screenplay yet exists. *See Addington*, 606 F.3d at 1179 ("A question is fit for decision when it can be decided without considering "contingent future events that may or may not occur as anticipated, or indeed may not occur at all."). Therefore, it is impossible to assess whether the proposed *Clueless* remake will infringe the copyright of Plaintiff, and no concrete legal issue is presented by the Second Cause of Action. Therefore, the motion to dismiss the Second Cause of Action is **GRANTED WITH PREJUDICE**.

### D. PLAINTIFF'S THIRD CAUSE OF ACTION FAILS BECAUSE THE COPYRIGHT ACT PREEMPTS HER STATE LAW CLAIM.

Plaintiff's Third Cause of Action is brought under Cal. Bus. and Prof. Code, sections §§ 17200, *et seq*. ("Section 17200"). Defendant argues this claim is preempted by the Copyright Act. "To survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights. The state claim must have an extra element which changes the nature of the action." *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1019 (9th Cir. 2017); *see also Downing v. Abercrombie & Fitch,* 265 F.3d 994, 1003 (9th Cir. 2001); *Del Madera Props. v. Rhodes & Gardner, Inc.,* 820 F.2d 973, 977 (9th Cir. 1987).

Here, the unfair competition claim is identical to the infringement claim. The Copyright Act provides the owner of a copyright with the exclusive rights to reproduce copyrighted works, or create derivative works and public displays therefrom. *See* 17 U.S.C. § 106. Plaintiff seeks to vindicate those rights under Section 17200. (Compl. at ¶¶ 47-52.) Therefore, the state law claim is not "qualitatively different" than the Copyright claims. *See Del Madera Props.,* 820 F.2d at 977 (holding copyright claim preempted unfair competition claim because

the unfair competition allegation was "part and parcel" to the copyright claim). Therefore, the motion to dismiss the Third Cause of Action is **GRANTED**.

### E. THE FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF FAILS

In the Fourth Cause of Action, Plaintiff seeks a declaration that Defendant has no rights in the copyrighted work *#SquadGoals* and that Defendant may not make any use of the *Bull* episode, proposed *Clueless* remake, or any material derived from *#SquadGoals*. (Compl. ¶ 54-55.)

Here, Plaintiff's claim for declaratory relief rises and falls with her claim for Copyright infringement. Having failed to plausibly allege infringement, the Court **GRANTS** the motion to dismiss the Fourth Cause of Action.

## V. CONCLUSION

The Court **GRANTS** the motion to dismiss. The Second Cause of Action (for infringement regarding the proposed *Clueless* remake) is dismissed with prejudice. The First Cause of Action (for infringement regarding the *Bull* episode), Third Cause of Action (unfair competition), and Fourth Cause of Action (declaratory relief) are dismissed without prejudice. The Court **GRANTS** Plaintiff's request for leave to amend.

**IT IS SO ORDERED.**

DATED: August 20, 2020

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE