David Halberstadter (SBN 107033)
david.halberstadter@katten.com
Joanna M. Hill (SBN 301515)
joanna.hill@katten.com
Shelby A. Palmer (SBN 329450)
shelby.palmer@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA  90067-3012
Telephone:  310.788.4400
Facsimile:   310.788.4471

Attorneys for Defendant
ViacomCBS Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| CANDESHA WASHINGTON,<br><br>                    Plaintiff<br><br>        v.<br><br>VIACOMCBS, INC.; AND DOES 1 THROUGH 50,<br><br>                    Defendants. | Case No. 2:20-cv-00435<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>[Hon. Consuelo B. Marshall]<br><br>Date:  December 15, 2020<br>Time: 10:00 A.M. |

146858647

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Candesha Washington ("Plaintiff") filed her original Complaint (the "Complaint") against Defendant ViacomCBS Inc. ("Defendant") on January 16, 2020, alleging that Defendant's episode of the television series *Bull* entitled *Her Own Two Feet* ("*Bull* Episode") and proposed *Clueless* series infringed Plaintiff's copyright rights in the pilot episode for a proposed television series called *#SquadGoals* (the "Pilot") and accompanying "treatment" of the Pilot (the "Treatment"). On August 20, 2020, this Court granted Defendant's motion to dismiss Plaintiff's Second Cause of Action for infringement regarding the proposed *Clueless* series, with prejudice. The Court also granted Defendant's motion to dismiss Plaintiff's First Cause of Action (for infringement regarding the *Bull* Episode), Third Cause of Action (unfair competition), and Fourth Cause of Action (declaratory relief) without prejudice. In doing so, the Court found that Plaintiff failed to allege legally meaningful access to the Treatment or to show substantial similarity between the Treatment and *Bull* Episode. However, because it was "unclear whether Plaintiff alleges Defendant had access to the treatment only, or both the screenplay [Pilot] and the treatment," the Court did not address whether Plaintiff plausibly alleged a claim for copyright infringement regarding the Pilot for *#SquadGoals*. (Dkt. #25 at 6)

Following the Court's order on Defendant's motion, the parties stipulated, and this Court ordered, that Plaintiff would file her First Amended Complaint no later than September 21, 2020.

On September 14, 2020, Plaintiff filed a motion for leave to amend – without attaching the proposed amended complaint as required by the Local Rules– with a cover letter noting that she would be proceeding with new legal representation, yet to be retained. (Dkt. # 26).

By order dated September 16, 2020, the Court denied Plaintiff's motion for leave to amend as moot (Dkt. #32) because the Court had already ordered, pursuant

to the parties' prior stipulation, that Plaintiff could have until September 21, 2020 to file a First Amended Complaint.

On November 2, 2020, the Court ordered Plaintiff to show cause for failure to file the First Amended Complaint by September 21, 2020, as ordered. In response, on November 5, 2020, over a month after her First Amended Complaint was due, Plaintiff filed another motion for leave to amend (the "Motion"), claiming that the delay was caused by her prior legal representation failing to disclose that his request to withdraw had been denied.[1]

However, even if that were relevant, Plaintiff's Motion should be denied for two principal reasons. First, Plaintiff failed to comply with this Court's local rules by not attaching to the Motion a copy of her proposed amended pleading.[2] Second, based on Plaintiff's allegations in the Motion, her First Amended Complaint would still be subject to dismissal for the reasons set forth in Defendant's original motion to dismiss. Accordingly, Plaintiff's Motion can and should be denied.

## II. LEGAL ARGUMENT

### A. Plaintiff Has Not Complied With The Local Rules.

Plaintiff attached only a copy of her original Complaint to her Motion. She did not attach her proposed amendment. Plaintiff therefore has not complied with Local Rule 15, which states: "[a]ny proposed amended pleading must be filed as an attachment to the related motion or stipulation." This is not simply a hyper-technical noncompliance; without knowing exactly what Plaintiff proposes to plead, Defendant cannot fully and fairly respond to the Motion.

---

[1] It is unclear how this relates to any delay in filing the First Amended Complaint, in light of Plaintiff's expressed intention to proceed *pro se* at least as of September 14, 2020 – before the original deadline.

[2] In discharging its Order to Show Cause, the Court specifically reminded Plaintiff that she is expected to comply with all rules and orders of the Court. (Dkt. #40)

2

146858647

### B. Any Proposed Amended Complaint Would Be Futile.

A Court may deny a plaintiff's motion for leave to file an amended complaint if the proposed amendment would be futile. *Keshish v. Allstate Ins. Co.*, No. 1203818, 2012 WL 12887075, at *7 (C.D. Cal. Oct. 19, 2012) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Lima v. Wachovia Mortg. Corp.*, No. 0904798, 2010 WL 1223234, at *4 (N.D. Cal. Mar. 25, 2010) ("If it is apparent that the amended complaint could not withstand another motion to dismiss, the Court will deny leave to amend.")[3]

Because Plaintiff did not attach her proposed amended pleading to the Motion, Defendant does not know for certain what Plaintiff intends to include in her First Amended Complaint. Assuming she intends to rely on the new claims of purported access to the Treatment and the Pilot as set forth in the Motion, those allegations, like her prior allegations, are insufficient to constitute legally-cognizable access under applicable case law set forth in Defendant's motion to dismiss Plaintiff's original Complaint.

And, even if the allegations regarding access were sufficient, her allegations regarding purported similarities between her works and the *Bull* Episode are either inaccurate, unprotectable generic themes, ideas and stock elements and/or random similarities scattered throughout the works as set forth more specifically in Defendant's original motion to dismiss. Assuming Plaintiff intends to amend her

---

[3] Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave." However, a Court may deny leave to amend where the proposed amendment would be made in bad faith, cause undue delay, prejudice the opposing party, or be futile. *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 804–05 (9th Cir. 1987) ("leave may be denied for reasons such as undue delay, bad faith motive, futility of amendment, or prejudice to the opposing party); *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile); *Specialized Bicycle Components, Inc. v. OnSport, LLC*, No. 0500486, 2006 WL 8434026, at *1 (C.D. Cal. May 24, 2006) (noting that it is proper to deny leave to amend where the proposed amendment is legally insufficient).

146858647

complaint to include the allegations set forth in her Motion, such amendment would be futile.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to file an amended complaint should be denied. If the Court chooses to grant Plaintiff's Motion, Defendant respectfully requests that the Court set a firm deadline for Plaintiff to file and serve the First Amended Complaint and afford Defendant 30 days to respond.

Dated: December 7, 2020               KATTEN MUCHIN ROSENMAN LLP

                                      By: /s/ *David Halberstadter*
                                      Attorneys for Defendant
                                      ViacomCBS Inc.

# PROOF OF SERVICE
*Candesha Washington v. Viacombs, Inc.*
**U.S.D.C. Case No. 2:20-cv-00435**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Katten Muchin Rosenman, LLP, 2029 Century Park East, Suite 2600, Los Angeles, California 90067-3012.

On December 7, 2020, I caused such document entitled

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMEDED COMPLAINT**

on the interested parties in this action by placing a true and correct copy of the document and flash drive thereof, enclosed in a sealed envelope addressed as follows:

Candesha Washington
9663 Santa Monica Blvd., Suite 582
Beverly Hills, CA 90210

**(X)** **By U.S. Mail**. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

( ) (BY PERSONAL SERVICE) I caused such envelope by hand to the above address(es).

( ) (By Overnight Courier), I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express), for delivery to the above address(es).

(**X**) FEDERAL I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 7, 2020, at Los Angeles, California.

/s/ Marsha Davis
Marsha Davis

---
1
**Proof of Service**