David Halberstadter (SBN 107033)
david.halberstadter@katten.com
Joanna M. Hill (SBN 301515)
joanna.hill@katten.com
Shelby A. Palmer (SBN 329450)
shelby.palmer@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

Attorneys for Defendant
ViacomCBS Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CANDESHA WASHINGTON, | Case No. 2:20-cv-00435 |
| Plaintiff | **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE** |
| v. | [Fed. R. Civ. Proc. 201] |
| VIACOMCBS, INC.; AND DOES 1 THROUGH 50, | [Hon. Consuelo B. Marshall] |
| Defendants. | *[Defendant's Motion to Dismiss Amended Complaint; Declaration of Shelby A. Palmer; and [Proposed] Order filed concurrently herewith]* |
| | Date: March 9, 2021<br>Time: 10:00 A.M.<br>Place: Room 8B |

147622661

Pursuant to Rule 201(b) of the Federal Rules of Evidence, defendant ViacomCBS Inc. ("Defendant") hereby respectfully requests that the Court take judicial notice of the following creative works and facts, based on the following evidence submitted in support of judicial notice and the legal authorities set forth below.

## I. WORKS AND FACTS SUBJECT TO JUDICIAL NOTICE

As set forth in Defendant's concurrently-filed Motion to Dismiss Amended Complaint ("Motion"), a comparison of the works at issue compels the conclusion that plaintiff Candesha Washington's ("Plaintiff") copyright infringement claim should be dismissed because, as a matter of law, no protectable copyright interest in Plaintiff's work has been infringed by the episode of the television series *Bull* identified in Plaintiff's Amended Complaint (the "*Bull* Episode").

First, Defendant requests that the Court take judicial notice of the contents of the following works alleged in the Amended Complaint:

1. The certified Copy of Deposit, on file with the U.S. Copyright Office under registration number PAu 3-985-289, consisting of Plaintiff's registered pilot episode for a proposed television series entitled #SquadGoals (the "Pilot") and an accompanying "treatment" of the Pilot (the "Treatment"). The certified Copy of Deposit is attached to the Declaration of Joanna M. Hill that was filed previously in support of Defendant's motion to dismiss Plaintiff's original Complaint ("Hill Declaration"), as <u>Exhibit A</u>. It is in the Court's record at Dkt. #15-1, pp. 5-70.

2. The *Bull* Episode, which is identified in the Hill Declaration as <u>Exhibit B</u>. The *Bull* Episode was separately lodged with the Court in support of Defendant's motion to dismiss Plaintiff's original Complaint and is in the Court's record at Dkt. #17.[1]

---

[1] In the interests of transparency, in its Order granting Defendant's motion to dismiss Plaintiff's original Complaint, this Court denied Defendant's request for judicial notice of the Pilot on the grounds that the Complaint alleged infringement only

147622661

Second, Defendant requests that the Court take judicial notice of the following facts, which are not subject to reasonable dispute:

1. According to U.S. Census Bureau data from 2010, "Williams" is the third most common surname in the United States, and as of 2010, 47.7 percent of people in the United States with the surname "Williams" identify as African-American.

2. According to U.S. Census Bureau data from 2010, "Williamson" is the 267th most common surname in the United States, and as of 2010, 17.4 percent of people in the United States with the surname "Williamson" identify as African-American. The documents supporting Fact Nos. 1 and 2 are attached to the Hill Declaration that was filed in support of Defendant's motion to dismiss the original Complaint as <u>Exhibit C</u>. They are in the Court's record at Dkt. #15-1, pp. 73-79.[2]

Third, Defendant requests that the Court take judicial notice of the following motion picture and television credits relating to the allegations of the Amended Complaint, which also are not subject to reasonable dispute:

3. Dan Lerner, who is the credited director of the *Bull* Episode, is also credited as the director of a single episode of *Friday Night Lights* in 2006. The documents supporting Fact No. 3 are compiled and attached to the accompanying Declaration of Shelby A. Palmer ("Palmer Declaration") as Exhibits A and B.

4. Paul Attanasio, who is credited as one of the co-creators of the *Bull* series, was hired by Universal Pictures in 2004 to adapt John Steinbeck's

---

with respect to the Treatment; and denied Defendant's request for judicial notice as to the Treatment and the *Bull* Episode as moot, on the grounds that both the *Bull* Episode and the Treatment are incorporated by reference into the Complaint. [Dkt. #25, p. 4.] However, in a subsequent, unrelated lawsuit, this Court *granted* a similar request for judicial notice made by a defendant. *See Irish Rover Entertainment, LLC v. Sims*, Case No. 20-cv-6293 at Dkt. #40, p. 3, n. 1. Defendant therefore renews this request for judicial notice in connection with the Motion.

[2] In its Order granting Defendant's motion to dismiss Plaintiff's original Complaint, this Court granted judicial notice as to these facts. [Dkt. #25, p. 4.]

147622661

classic novel *East of Eden* for a remake that Ron Howard was going to direct with Brian Grazer producing. The documents supporting Fact No. 4 are compiled and attached to the accompanying Palmer Declaration as Exhibit C.

5. Shima Azarafza is not credited as having performed any services in connection with the *Bull* television series in general or the *Bull* Episode in particular. The documents supporting Fact No. 5 are compiled and attached to the accompanying Palmer Declaration as Exhibits D, E and F.

6. Olivia Hass is not credited as having performed any services in connection with the *Bull* television series in general or the *Bull* Episode in particular. The documents supporting Fact No. 6 are compiled and attached to the accompanying Palmer Declaration as Exhibits D, E and G.[3]

## II.   JUDICIAL NOTICE MAY BE TAKEN OF WORKS THAT ARE ALLEGED IN THE COMPLAINT.

Under the "incorporation by reference" doctrine, courts frequently take judicial notice of "documents whose contents are alleged in a complaint . . . but which are not physically attached to the pleading." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405, n. 4 (9th Cir. 1996) (quoting *Fecht v. The Price Co.*, 70 F.3d 1078, 1080 n. 1 (9th Cir.1995)). Courts properly may consider matters that are subject to judicial notice on a motion to dismiss. *Thomas v. Walt Disney Co.*, 337 F. App'x 694, 695 (9th Cir. 2009); *Newt v. Twentieth Century Fox Film Corp.*, No. 15-02778, 2016 WL 4059691, at *2-3 (C.D. Cal. July 27, 2016); *Gadh v. Spiegel*, No. 14-855, 2014 WL 1778950, at *3 n. 2 (C.D. Cal. Apr. 2, 2014).

Plaintiff alleges that the *Bull* Episode infringes on her copyrighted works, which

---

[3]   Additionally, the *Bull* Episode was separately lodged with the Court in support of Defendant's motion to dismiss Plaintiff's original Complaint and is in the Court's record at Dkt. #17. Shima Azarafza and Olivia Hass are not identified in the credits for the *Bull* Episode, which begin at the 42:12 mark.

4

147622661

comprise both the Pilot and the Treatment. *See* Amended Complaint, p. 1. Courts in this district routinely take judicial notice of such creative materials when ruling on a motion to dismiss. *See*, *e.g.*, *Thomas*, 337 F. App'x at 695 (district court properly took judicial notice of plaintiff's written work and defendants' animated movie in granting motion to dismiss); *Campbell v. Walt Disney Co.*, 718 F. Supp. 2d 1108, 1111, n. 3 (N.D. Cal. 2010) (district court took judicial notice of plaintiffs' screenplay and the allegedly infringing film because the contents of each were alleged in the complaint); *Newt*, 2016 WL 4059691, at *2-3 (district court took judicial notice of DVDs comprising the first season of the television series *Empire*, plaintiff's screenplay and plaintiff's documentary film); *Gadh*, 2014 WL 1778950, at *3 n. 2 (district court took judicial notice of plaintiffs' script and allegedly infringing motion picture). Given that Plaintiff's Complaint is based on the Pilot, Treatment and the *Bull* Episode and all three works are alleged therein, each of these works is properly subject to judicial notice.

### III. WHEN PROVIDED WITH THE NECESSARY INFORMATION, FEDERAL COURTS *MUST* TAKE JUDICIAL NOTICE OF FACTS THAT ARE NOT SUBJECT TO REASONABLE DISPUTE.

Rule 201(b) of the Federal Rules of Evidence permits courts, upon the request of a party at any stage of litigation, to take judicial notice of facts that are either "generally known within the trial court's territorial jurisdiction" or that are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably by questioned." Further, a court "*must* take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c) (emphasis added).

The contents of public records, like census data, are appropriate subject matter for judicial notice. *See Marcus v. ABC Signature Studios, Inc.*, 279 F. Supp. 3d 1056, 1063 (C.D. Cal. 2017) (in connection with a copyright infringement claim, the district court took judicial notice of United States Census Bureau data identifying the top fifteen most popular last names); *United States v. Esquivel*, 88 F.3d 722, 727 (9th Cir.

1996) (district court properly took judicial notice of 1990 census data showing the number of Latinos eligible for jury service).[4] Accordingly, this Court should and must take judicial notice of Fact Nos. 1 and 2.

Courts likewise may take judicial notice of motion picture and television screen credits, as they also are not subject to reasonable dispute. *Heger v. Kiki Tree Pictures Inc.*, CV 17-03810, 2017 WL 5714517 at *4 (C.D. Cal. 2017) (using lodged DVD to take judicial notice of the fact that certain individuals were and were not included in a film's screen credits). Additionally, courts may take judicial notice of facts confirmed by descriptions on the IMDb website. *See Klein v. Leis*, No. 1:06-CV-164, 2006 WL 1489686, at *1 (S.D. Ohio May 30, 2006) (taking judicial notice "of the fact that the theatrical film *Silence of the Lambs* (Orion Pictures, 1991) featured a serial murderer character named Hannibal Lector (or Lecter)," as evidenced by the IMDb page), *aff'd*, 548 F.3d 425 (6th Cir. 2008). Accordingly, this Court should take judicial notice of Fact Nos. 3 through 6.

Defendant respectfully requests that the Court grant its Request for Judicial Notice in its entirety.

Dated: February 3, 2021                KATTEN MUCHIN ROSENMAN LLP


By: /s/ Shelby A. Palmer
   Shelby A. Palmer
Attorneys for Defendant
ViacomCBS Inc.

---

[4] Courts in other districts similarly have held that it is proper to take judicial notice of census data. *See, e.g. Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571-72 (5th Cir. 2011) (district court properly took judicial notice of census statistics showing the relocation rate of Texas citizens); *American Civil Rights Union v. Martinez-Rivera*, 166 F. Supp. 3d 779, 790-91 (W.D. Tex. 2015) (district court properly took judicial notice of census data showing the number of citizens eligible to vote).