David Halberstadter (SBN 107033)
david.halberstadter@katten.com
Joanna M. Hill (SBN 301515)
joanna.hill@katten.com
Shelby A. Palmer (SBN 329450)
shelby.palmer@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

Attorneys for Defendant
ViacomCBS Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| CANDESHA WASHINGTON,<br><br>Plaintiff<br><br>v.<br><br>VIACOMCBS, INC.; AND DOES 1 THROUGH 50,<br><br>Defendants. | Case No. 2:20-cv-00435<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)[1]**<br><br>[Hon. Consuelo B. Marshall]<br><br>Date: March 9, 2021<br>Time: 10:00 A.M.<br>Place: Room 8B |

Defendant ViacomCBS Inc. ("Defendant") hereby submits its Reply Memorandum in support of its Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) (the "Motion").

---

[1] At Defendant's request, Plaintiff on February 16, 2021, emailed to Defendant's counsel a copy of the "Response" she purportedly filed (or was filing) with the Court in opposition to the pending Motion to Dismiss. That Response does not yet appear on the Court's docket.

147883968

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The brief and supporting declaration filed by Plaintiff Candesha Washington ("Plaintiff") in response to the Motion (the "Response") provides the Court with no basis on which to deny the Motion. The Response does not – because it cannot – make any credible argument that Defendant's episode of the *Bull* television series (the "*Bull* Episode") is even remotely similar, much less substantially similar in protected expression, to Plaintiff's Treatment and Pilot (collectively, the "Works"). The Court needs only to compare the relevant works before it to conclude that they are utterly dissimilar.[1]

Based on the Response, it is also apparent that Plaintiff cannot allege *any* legally cognizable theory of access. The Response asserts that each of the four access theories Plaintiff has attempted to allege in the Amended Complaint presents a "reasonable basis" for inferring access. However, her explanations demonstrate that these allegations do not even amount to a (legally insufficient) "bare possibility" of access.

Lastly, the Response offers no explanation for how the Amended Complaint alleges causes of action for violations of California Business & Professions Code section 17200 *et seq.* ("Section 17200") and declaratory relief, given that the amended pleading contains none of the allegations supporting the requisite elements of these claims. Nor does the Response explain why, even assuming a Section 17200 claim is alleged, her claim should not be preempted by the Copyright Act, as the Court concluded in its Order dismissing Plaintiff's original Complaint. [Dkt. #25, pp. 10-11.]

Accordingly, Defendant respectfully requests that the Court grant the Motion in full, without further leave to amend.

---

[1] With respect to Plaintiff's Treatment, the Court has already ruled (in connection with Defendant's motion to dismiss the original Complaint) that Plaintiff failed to allege facts supporting the substantial similarity of this work and the *Bull* Episode. [Dkt. #25, p. 9.] Nothing has changed in this respect.

1

147883968

## II. THE AMENDED COMPLAINT FAILS TO ALLEGE A PLAUSIBLE COPYRIGHT INFRINGEMENT CLAIM.

### A. Plaintiff Has Failed To Allege Any Legally Cognizable Access By Defendant To The Works.

The Amended Complaint, and improperly added facts included in the Response, fail to set forth a particular chain of events giving rise to legally cognizable access by Defendant to either of the Works. In the Response, Plaintiff re-alleges her four theories of access, none of which presents even a "bare possibility" of access. *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009) (holding that a bare possibility of access is not sufficient to show the "alleged infringer had the chance to view" plaintiff's work); *Jason v. Fonda*, 698 F.2d 966, 967 (9th Cir.1982) (holding that a bare possibility of access is insufficient to sustain a copyright infringement claim); *see also Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 826 (C.D. Cal. 2010), *aff'd sub nom. Gable v. Nat'l Broad. Co.*, 438 F. App'x 587 (9th Cir. 2011) (requiring allegations demonstrating that the works were sent to an intermediary who either "(1) has supervisory responsibility for the allegedly infringing project, (2) contributed ideas and materials to it, or (3) worked in the same unit as the creators").

First, Plaintiff claims upon information and belief that Defendant's predecessor, CBS Corporation ("CBS"), could have received copies of the Works from Imagine Impact, LLC ("Imagine Impact"), with which CBS purportedly had a "first look" deal.[2] Plaintiff made the same allegation in the original Complaint, and the Court concluded: "whether ViacomCBS had a reasonable opportunity to view Plaintiff's work is speculative." [Dkt. #25, p. 7.] Nothing in the Amended Complaint or the Response

---

[2] Plaintiff argues in the Response that her allegations satisfy the "supervisory responsibility" test because Imagine Impact had "supervisory responsibility" for the "allegedly *infringed upon* project." [Response, p. 4. (emphasis added).] But the test focuses on an intermediary with "supervisory responsibility for the allegedly *infringing* product," not the allegedly *infringed* product. *See Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d at 826.

147883968

should alter the Court's prior conclusion with respect to this hypothetical theory of access.[3]

Next, Plaintiff turns to Defendant's challenge to her theories that Dan Lerner (director of the *Bull* Episode) and Paul Attanasio (co-creator of the Series) might have gained access to the Works. As alleged in the Amended Complaint, the theory was that Mr. Lerner had once worked with Brian Grazer, the co-founder of Imagine Entertainment, on the television series *Friday Night Lights*, and that Mr. Attanasio once worked with Mr. Grazer and Ron Howard (Imagine Entertainment's other founder) on a project entitled *Eden*. [Amended Complaint, pp. 3-4.] With respect to Mr. Lerner, the Motion pointed out that he had rendered services on a single episode of *Friday Night Lights* in 2006, at least 13 years before Plaintiff provided the Works to Imagine Impact, so this ancient connection provided no reasonable basis for his purported access to the Works. With respect to Mr. Attanasio, the Motion likewise pointed out that his work on the project entitled *Eden* occurred in 2004, at least 15 years prior to Plaintiff's submission of the Works to Imagine Impact, and that prior "connection" provided no reasonable basis for his purported access to the Works. [Motion, pp. 13-14.]

In the Response, Plaintiff argues that Mr. Lerner's *Friday Night Lights* credit is "irrelevant" and that "the only relevant point is that Dan Lerner . . . has a pre-existing relationship with the intermediary [*i.e.*, Imagine Impact] regarding a similar body of work." [Response, p. 3.][4] Similarly, Plaintiff characterizes Mr. Attanasio's biography as "irrelevant" because "the fact remains that Mr. Attanasio . . . has a documented and

---

[3] Plaintiff asserts in the Response that the Motion failed to address her alleged January 2020 conversation with Rich Battista, the former president of Imagine Entertainment. This is not accurate: Defendant commented in a footnote: "Mr. Battista's expression of sympathy for Plaintiff does not even constitute an admission of wrongdoing on behalf of Imagine Entertainment, much less an admission *by Defendant* that it obtained access to the Works through either third party." [Motion, p. 13, fn. 20] (emphasis in original).]

[4] It is not clear what Plaintiff means by a "similar body of work." For example, is Plaintiff asserting that *Friday Night Lights* is similar to *Bull*? Or merely that both are television series?

pre-existing relationship with the intermediary regarding a similar body of work." [*Id.*] Whatever the extent of these allegedly "pre-existing relationships" might have been, they occurred more than <u>a decade</u> before Plaintiff submitted the Works to Imagine Impact; it is therefore literally *impossible* for those connections to have provided a reasonable basis of access to the Works.

Plaintiff appears to recognize that these decade-old connections do not support Defendant's access to the Works. The Response includes additional speculation about Mr. Lerner's and Mr. Attanasio's purported access to the Works through "intermediary" Imagine Impact.[5] However, these new theories do not offer a legally meaningful overlap, either. Plaintiff theorizes that Defendant, Mr. Lerner and Mr. Attanasio could be part of a "network of executives, directors, producers, and writers" with which Imagine might have shared the Works and/or reviewed her submission. [Response, pp. 2-4.] Even if this hypothesis had been alleged in the Amended Complaint,[6] it would not have mattered. It is entirely speculative that either Mr. Lerner or Mr. Attanasio gained access to the Works through a hypothetical "membership" in a hypothetical "network" of individuals in the entertainment industry with which Imagine Impact hypothetically deals from time to time.[7] *Art Attacks Ink, LLC*, 581 F.3d at 1143 ("To prove access, a plaintiff must show a reasonable possibility . . . that an alleged infringer had the chance to view the protected work.)

---

[5] In its Order dismissing the original Complaint, the Court noted that as a matter of law, "'dealings between the plaintiff and the intermediary and between the intermediary and the alleged copier must involve some overlap in subject matter to permit an inference of access.'" [Dkt. #25, p. 6 (quoting *Loomis v. Cornish*, 836 F. 3d 991, 995 (9th Cir. 2005)).]

[6] Plaintiff ignores the principle that "the Court may only consider facts in the complaint in ruling on a motion to dismiss." *Chaudhry v. City of Los Angeles*, 2010 WL 11459201 at *1, n.1 (C.D. Cal. Apr. 16, 2010); *Williams v. Ortega*, 2019 WL 5704684 at *2 (S.D. Cal. Nov. 4, 2019).

[7] Plaintiff appears to concede that the allegations in the Amended Complaint, which referred to Mr. Lerner's and Mr. Attanasio's work on decades-old projects in which the co-founders of Imagine Entertainment also were involved, do not satisfy the access requirement.

4

147883968

The Response also attempts to defend Plaintiff's theory that Defendant gained access to the Works through two other individuals (Shima Azarafza and Olivia Hass), who Plaintiff alleges are producers who were employed by CBS. Plaintiff's theory (which is only explained in the Response, not the Amended Complaint) is that because she sent copies of the Works to Ms. Azarafza and Ms. Hass via email to their CBS email addresses, those digital copies of the Works reside on CBS's computers and therefore could be accessible to Defendant and its employees.

Not only is this theory based on a fundamental misunderstanding of corporate email systems (one employee simply cannot access another's emails and attachments), it is the very definition of "bare corporate receipt," which the Court previously recognized in its Order dismissing the original Complaint as "insufficient to establish access". [Dkt. #25, p. 6.]; *Loomis*, 836 F.3d at 995 ("a plaintiff 'cannot create a triable issue of access merely by showing 'bare corporate receipt' of her work by an individual who shares a common employer with the alleged copier.'") (quoting *Bernal v. Paradigm Talent & Literary Agency*, 788 F.Supp.2d 1043, 1056 (C.D. Cal. 2010)).

Finally, Plaintiff attempts to show access based on the alleged similarities of the names of the protagonists in the *Bull* Episode and the Works. This weak circumstantial evidence remains insufficient to show access. 37 C.F.R. § 202.1(a) ("Words and short phrases such as names, titles, and slogans" are "examples of works not subject to copyright.").

In connection with each of her alleged theories of access, Plaintiff has failed to demonstrate even a "bare possibility," let alone a "reasonable possibility," that Defendant had access to her Works. *Art Attacks Inc.*, 581 F.3d at 1143. Courts routinely dismiss complaints at the pleading stage due to this defect. *See, e.g.*, *Panton v. Strong*, 2018 WL 5099666 at *3 (C.D. Cal. Mar. 14, 2018) (holding that "Plaintiff's failure to plead access, by itself, compels dismissal of his claim"); *Johnson v. Knoller*, 2017 WL 5640554 at *2 (C.D. Cal. Sept. 18, 2017). Nothing in the Response compels the Court to reach any other conclusion.

Defendant urges the Court to dismiss the Amended Complaint with prejudice based on the absence of any legally sufficient claim of access. In any event, no amendment regarding access would overcome the lack of substantial similarity between the Works and the *Bull* Episode, which compels dismissal with prejudice on this additional basis.[8]

### B. The *Bull* Episode Is Not Substantially Similar To Either Of The Works.

With the exception of a few token statements, there is a notable absence of discussion in the Response regarding the issue of substantial similarity. Plaintiff attacks Defendant's inclusion in the Motion of summaries of the works at issue because they purportedly are based on "opinions."[9] However, she does not address any of the glaring distinctions the Motion draws between the Works and the *Bull* Episode.[10]

The extrinsic test for substantial similarity requires courts to filter out unprotectable elements and look only at whether the "protectable elements, standing alone, are substantially similar." [Dkt. #47, p. 15.] Plaintiff avoids all mention of this test, likely because *none* of the claimed similarities between the Works and the *Bull* Episode constitute protected expression. *See Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018), *overruled on other grounds, Skidmore v. Zepplin*, 952 F.3d 1051 (9th Cir. 2020) (recognizing the fundamental rule that not all copying is copyright infringement, and that a plaintiff must show that the defendant has copied enough of

---

[8] *See Schkeiban v. Cameron*, 2012 WL 5636281 at *1 (C.D. Cal. Oct. 4, 2012), *aff'd*, 566 F. App'x 616 (9th Cir. 2014) (dismissing complaint with prejudice because a lack of substantial similarity between works "is a defect that cannot cured by an amended complaint"); *Gilbert v. New Line Prods., Inc.*, 2009 WL 7422458 at *6 (C.D. Cal. Nov. 16, 2009), *aff'd*, 490 F. App'x 34 (9th Cir. 2012) (dismissing plaintiff's claim with prejudice based on a lack of substantial similarity because "no additional facts would allow [plaintiff] to prevail in her case").

[9] The summaries of the works at issue are based on the contents of the works themselves, and were included in the Motion purely for context and the Court's convenience. Copies of the full works provided to the Court in this action obviously are the best evidence of their respective contents.

[10] Plaintiff has not objected to Defendant's Request for Judicial Notice (the "RJN"). The Works are in the Court's record at Dkt. #15-1, pp. 5-70; the *Bull* Episode is in the Court's record at Dkt. #17.

the plaintiff's expression of ideas or concepts to render the two works substantially similar). Instead, the Response relies on conclusory statements such as "there are substantial similarities expressed in similar and particular ways." [Response, p. 2.] Courts routinely disregard allegations of this type. *See Love v. Nuclear Blast Am., Inc.*, No. EDCV20124PSGKKX, 2020 WL 4805471, at *3 (C.D. Cal. Apr. 16, 2020) (holding plaintiff did not sufficiently plead substantial similarity where the complaint included threadbare recitals of the elements of substantial similarity, supported by mere conclusory statements) (internal quotations and citation omitted).

None of the purported commonalities identified by Plaintiff, whether considered individually or taken together, satisfies the extrinsic test.

### III. PLAINTIFF'S STATE LAW CLAIMS ALSO FAIL.

Plaintiff attempts to incorporate into the Response certain of the elements of a claim for declaratory relief and for violations of Section 17200. However, she fails to address why there are no such allegations the Amended Complaint. Even if those allegations appeared in the Amended Complaint, however, Plaintiff also fails to address: (1) why her claim for violations of Section 17200 would not be preempted by the Copyright Act, as the Court concluded in its Order dismissing the original Complaint [Dkt. #25, pp. 10-11] and; (2) why her claim for declaratory relief should not fail, as the Court also previously concluded. [*Id*.] By failing to address these important legal standards and arguments, all of which Defendant raised in its Motion [Dkt. #47, pp. 23-24.], Plaintiff has effectively conceded these issues.[11]

---

[11] *See Star Fabrics, Inc. v. Ross Stores, Inc.*, 2017 WL 10439691 at *3 (C.D. Cal. Nov. 20, 2017) ("Where a party fails to oppose arguments made in a motion, a court may find that the party has conceded those arguments or otherwise consented to granting the motion."); *Zaklit v. Glob. Linguist Sols., LLC*, 2014 WL 12521725 at *32 (C.D. Cal. Mar. 24, 2014) (aggregating decisions holding that an argument is waived when not raised in opposition).

7

147883968

## IV. CONCLUSION[12]

Plaintiff has now had a full and fair opportunity to allege a plausible claim for copyright infringement of the Works. She has been unable to do so. For all of the reasons set forth above, Defendant respectfully requests that the Court grant the Motion without further leave to amend.

Dated: February 23, 2021                KATTEN MUCHIN ROSENMAN LLP

By: /s/ *Shelby A. Palmer*
Attorneys for Defendant
ViacomCBS Inc.

---

[12] The last three pages of the Response and a number of the exhibits to Plaintiff's declaration discuss the purported "documented history" of discrimination at CBS. These allegations have nothing to do with the Amended Complaint or the Motion and, respectfully, the Court should disregard them.

8

147883968

# PROOF OF SERVICE
## *Candesha Washington v. Viacombs, Inc.*
### U.S.D.C. Case No. 2:20-cv-00435

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Katten Muchin Rosenman, LLP, 2029 Century Park East, Suite 2600, Los Angeles, California 90067-3012.

On February 23, 2021, I caused such documents entitled: **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)** on the interested parties in this action by placing a true and correct copy of the document enclosed in a sealed envelope addressed as follows:

**Candesha Washington**
**9663 Santa Monica Blvd., Suite 582**
**Beverly Hills, CA 90210**
candywashington@gmail.com

**(X)   BY U.S. MAIL**: By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth above.

**(X) BY ELECTRONIC MAIL**: The documents were served electronically today and the transmission was reported as complete without error.

**( ) BY OVERNIGHT COURIER**: I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express), for delivery to the above address(es).

(**X**) FEDERAL I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 23, 2021, at Los Angeles, California.

                                            */s/ Marsha Davis*
                                            MARSHA DAVIS

**Proof of Service**

147693756v1