1   David Halberstadter (SBN 107033)
    david.halberstadter@katten.com
2   Joanna M. Hill (SBN 301515)
    joanna.hill@katten.com
3   Shelby A. Palmer (SBN 329450)
    shelby.palmer@katten.com
4   KATTEN MUCHIN ROSENMAN LLP
    2029 Century Park East, Suite 2600
5   Los Angeles, CA 90067-3012
    Telephone:  310.788.4400
6   Facsimile:   310.788.4471

7   Attorneys for Defendant
    ViacomCBS Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                          WESTERN DIVISION

12

13  CANDESHA WASHINGTON,            ) Case No. 2:20-cv-00435
                                    )
14              Plaintiff           ) **DEFENDANT'S NOTICE OF**
                                    ) **MOTION AND MOTION FOR**
15       v.                         ) **ATTORNEYS' FEES AND COSTS**
                                    )
16  VIACOMCBS, INC.; AND DOES 1     )
    THROUGH 50,                     ) [Hon. Consuelo B. Marshall]
17                                  )
                Defendants.         ) *[Declaration of Joanna M. Hill and*
18                                  ) *[Proposed] Order filed concurrently*
                                    ) *herewith]*
19                                  )
                                    ) Date:  July 20, 2021
20                                  ) Time: 10:00 A.M.
                                    ) Place:  Room 8B
21                                  )
                                    )
22                                  )
                                    )
23                                  )
                                    )
24  ─────────────────────────────────

25

26

27

28

149228005

**TO PLAINTIFF CANDESHA WASHINGTON:**

**PLEASE TAKE NOTICE** that on July 20, 2021, at 10:00 a.m., or as soon thereafter as the parties may be heard, before the Honorable Consuelo B. Marshall, United States District Judge, in Courtroom 8B, located at 350 W. First Street, Los Angeles, California 90012, defendant ViacomCBS Inc. ("Defendant") will and hereby does move for an order awarding it reasonable attorneys' fees and costs in the total amount of $234,718.75 pursuant to Federal Rule of Civil Procedure 54(d) and 17 U.S.C. Section 505.

Defendant is entitled to an award of fees and costs because on May 21, 2021, the Court dismissed with prejudice plaintiff Candesha Washington's ("Plaintiff") amended complaint for copyright infringement, unfair competition and declaratory relief. An award of fees under the Copyright Act is proper for the following reasons: (1) Plaintiff's claims were objectively unreasonable, if not frivolous; (2) Plaintiff's conduct demonstrated bad faith; (3) a fee award would deter similar plaintiffs from filing meritless lawsuits; and (4) a fee award would further the Copyright Act's goals of protecting creative speech.

The hourly rate of Defendant's counsel is reasonable given the prevailing market rates charged by attorneys practicing in this district with a similar level of experience and expertise. The amount of the fees Defendant seeks to recover is reasonable in light of the amount of time its counsel of record spent reviewing and analyzing the two complaints, reviewing and analyzing the relevant works at issue, drafting two motions to dismiss and replies in support thereof, opposing Plaintiff's motion for leave to amend the original complaint, arguing the merits of the motions to dismiss, preparing this motion for attorney's fees and costs, and the anticipated time counsel will spend reviewing Plaintiff's opposition and drafting a reply brief. The costs Defendant seeks to recover for messengers, copying, postage, PACER fees and copyright fees also are reasonable and appropriate.

Katten
Katten Muchin Rosenman LLP
515 South Flower Street, Suite 1000
Los Angeles, CA 90071-2212
213.788.2445 tel   213.788.7360 fax

149228005

1    This Motion is made following the conferences of the parties pursuant to Local
2    Rule 7-3, which took place on June 10, 2021 and June 11, 2021.

3    This Motion is based upon this Notice of Motion and the attached Memorandum
4    of Points and Authorities; the pleadings and papers on file in this action; the
5    concurrently-filed Declaration of Joanna M. Hill; and such other evidence and
6    argument as may be presented to this Court at or before the hearing on this Motion.

8                          Respectfully submitted,

10   Dated:  June 17, 2021            KATTEN MUCHIN ROSENMAN LLP

12                                    By: /s/ *Joanna M. Hill*
13                                        Joanna M. Hill
                                          Attorneys for Defendant
14                                        ViacomCBS Inc.

149228005

# <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ..................................................................................1

II.    RELEVANT PROCEDURAL HISTORY ..............................................2

III.   STANDARD OF REVIEW ....................................................................3

IV.    DEFENDANT IS ENTITLED TO RECOVER ITS ATTORNEYS' FEES IN DEFENDING AGAINST PLAINTIFF'S MULTIPLE MERITLESS COMPLAINTS......................................................................................4

       A.    Defendant Achieved Complete Success On The Merits..............................4

       B.    Plaintiff's Claims Were Objectively Unreasonable And Frivolous.............5

       C.    Plaintiff's Motives In This Action Now Appear To Have Been Improper. ......................................................................................8

       D.    Awarding Attorneys' Fees And Costs Would Deter Meritless Infringement Claims...........................................................................10

       E.    Granting This Fee Motion Would Further The Interests Of The Copyright Act. ...............................................................................11

V.     DEFENDANT'S REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE. ...........................................................................12

       A.    Defendant's Attorneys' Rates Are Reasonable.........................................12

       B.    Counsel for Defendant Spent A Reasonable Amount Of Time Litigating The Merits Of Plaintiff's Two Complaints. ...............................13

       C.    Defendant Requests $233,667.22 In Attorneys' Fees And $1,051.53 In Costs. ...............................................................................15

       D.    Defendant Is Also Entitled To Recover Fees And Costs Incurred In Connection With This Motion. ..............................................................15

VI.    CONCLUSION ...................................................................................16

Katten
Katten Muchin Rosenman LLP
515 South Flower Street, Suite 1000
Los Angeles, CA 90071-2212
213.788.2245 tel   213.788.7360 fax

i

149228005

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AF Holdings LLC v. Navasca*,
    No. C-12-2396 EMC, 2013 WL 3815677 (N.D. Cal. July 22, 2013) ...............10

*Blum v. Stevenson*,
    465 U.S. 886 (1984)..........................................................................................12

*Camacho v. Bridgeport Fin., Inc.*,
    523 F.3d 973 (9th Cir. 2008) ............................................................................15

*Cummings v. Dolby Lab'ys, Inc.*,
    2021 WL 1564455 (C.D. Cal. Apr. 20, 2021) ....................................................5

*DuckHole Inc. v. NBCUniversal Media LLC*,
    No. CV-12-10077-BRO, 2013 WL 5797204 (C.D. Cal. Oct. 25, 2013) .........4, 6

*Erickson Prods. Inc. v. Kast*,
    No. 5:13-CV-05472-HRL, 2016 WL 3951659 (N.D. Cal. July 22,
    2016) ....................................................................................................................5

*Fantasy, Inc. v. Fogerty*,
    94 F.3d 553 (9th Cir. 1996) ....................................................................6, 11, 12

*Ferland v. Conrad Credit Corp.*,
    244 F.3d 1145 (9th Cir. 2001) ..........................................................................12

*Fogerty v. Fantasy Inc.*,
    510 U.S. 517 (1994)..................................................................3, 4, 11, 12

*Gable v. Nat'l Broad. Co.*,
    No. CV084013SVWFFMX, 2010 WL 11506430 (C.D. Cal. Aug. 6,
    2010) ..........................................................................................................5, 6, 11

*Gates v. Deukmejian*,
    987 F.2d 1392 (9th Cir. 1992) ..........................................................................12

*Glass v. Sue*,
    No. CV 09-8570-RGK SHX, 2011 WL 561028 (C.D. Cal. Feb. 8,
    2011) ................................................................................................................5, 6

Katten
KattenMuchinRosenman LLP
515 South Flower Street, Suite 1000
Los Angeles, CA 90071-2212
213.788.0445 tel   213.788.7360 fax

*Harris v. Marhoefer,*
    24 F.3d 16 (9th Cir. 1994) .................................................................. 12

*Hensley v. Eckerhart,*
    461 U.S. 424 .......................................................................................... 13

*In re Nucorp Energy, Inc.,*
    764 F.2d 655 (9th Cir. 1985) .............................................................. 16

*Inhale, Inc. v. Starbuzz Tobacco, Inc.,*
    755 F.3d 1038 (9th Cir. 2014) ............................................................ 11

*Kirtsaeng v. John Wiley & Sons, Inc.,*
    136 S. Ct. 1979 (2016).............................................................3, 4, 6, 10

*Lawrence v. Sony Pictures Entm't Inc.,*
    No. 210CV04737SVWEX, 2011 WL 13217267 (C.D. Cal. Oct. 5,
    2011), *aff'd*, 534 F. App'x 651 (9th Cir. 2013) .........................1, 5, 14

*Love v. Mail on Sunday,*
    No. CV05-7798 ABC(PJWX), 2007 WL 2709975 (C.D. Cal. Sep. 7,
    2007), *aff'd sub nom. Love v. Associated Newspapers, Ltd.*, 611 F.3d
    601 (9th Cir. 2010) .............................................................................. 14

*Marcus v. ABC Signature Studios, Inc.,*
    No. 17CV00148RSWLAJWX, 2017 WL 5592470 (C.D. Cal. Nov. 20,
    2017) ...........................................................................................4, 5, 6, 8

*Mattel, Inc. v. MGA Entm't, Inc.,*
    No. CV 04-9049 DOC RNBX, 2011 WL 3420603, *aff'd sub nom.*
    *Mattel, Inc v. MGA Ent., Inc.*, 705 F.3d 1108 (9th Cir. 2013) ............ 11

*Morales v. City of San Rafael*,
    96 F.3d 359 (9th Cir. 1996) ................................................................ 12

*Oviatt v. Pearce,*
    954 F.2d 1470 (9th Cir. 1992) ............................................................ 12

*Perfect 10, Inc. v. CCBill LLC,*
    488 F.3d 1102 (9th Cir. 2007) .............................................................. 5

*Perfect 10, Inc. v. Giganews, Inc.,*
    No. CV 11-07098-AB SHX, 2015 WL 1746484, *aff'd,* 847 F.3d 657
    (9th Cir. 2017)...................................................................................6, 13

*Scott v. Meyer*,
    No. CV 09-6076 ................................................................12

*Scott v. Meyer*,
    No. CV 09-6076 ODW(RZX), 2010 WL 2569286 (C.D. Cal. June 21,
    2010) ................................................................10

*Shame On You Prods., Inc. v. Banks*,
    893 F.3d 661 (9th Cir. 2018) ................................................4

*Shame On You Prods. v. Banks*,
    No. CV1403512MMMJCX, 2016 WL 5929245, *aff'd*, 893 F.3d 661
    (9th Cir. 2018)................................................4, 8, 12, 14

*Tresóna Multimedia, Ltd. Liab. Co. v. Burbank High Sch. Vocal Music
    Ass'n*,
    953 F.3d 638 (9th Cir. 2020) ................................................4

*Wall Data Inc. v. L.A. Cty. Sheriff's Dep't*,
    447 F.3d 769 (9th Cir. 2006) ................................................4

*WB Music Corp. v. Royce Int'l Broad. Corp.*,
    2018 WL 6177237 (C.D. Cal. July 9, 2018).................................13

**Statutes**

17 U.S.C. § 505 ................................................3, 15

Copyright Act................................................*passim*

**Rules**

Local Rule 7-3................................................9, 10

149228005

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Candesha Washington ("Plaintiff") filed two meritless complaints for copyright infringement based on her two registered works, a pilot script for a proposed television series titled #SquadGoals (the "Pilot") and a "treatment" of the Pilot (the "Treatment").  She claimed that defendant ViacomCBS Inc. ("Defendant") infringed on her works in connection with the creation and development of two unrelated television programs: (1) an episode of the television series *Bull* (the "*Bull* Episode"); and (2) a proposed, yet-to-be produced television series based on the 1995 film *Clueless* (the "Proposed *Clueless* Series").

The Court properly granted Defendant's two motions to dismiss, holding that (i) Plaintiff's allegations of access were purely speculative, (ii) as a matter of law, there was no substantial similarity in protected expression between either the Pilot or the Treatment, on the one hand, and the *Bull* Episode and (iii) with respect to Plaintiff's claim based on the Proposed *Clueless* Series, the claim was not ripe for adjudication.

As the prevailing party, Defendant is entitled to recover its attorneys' fees and costs pursuant to the Copyright Act because Plaintiff asserted an objectively unreasonable, if not totally frivolous, claim.  An award of attorneys' fees would deter other plaintiffs from asserting similarly frivolous claims and ensure that defendants are not discouraged from protecting their legitimate rights.  Further, the fees sought are reasonable in light of the prevailing market rates for attorneys with a similar level of experience and expertise and the time spent litigating this matter over the past eighteen months. *See, e.g., Lawrence v. Sony Pictures Entm't Inc.*, No. 210CV04737SVWEX, 2011 WL 13217267, at *3 (C.D. Cal. Oct. 5, 2011) (allowing recovery for 800 hours spent defending against meritless infringement claim), *aff'd*, 534 F. App'x 651 (9th Cir. 2013).

149228005

1    Defendant respectfully requests that the Court award it reasonable attorneys' fees
2    and costs in the total amount of $234,718.75 (exclusive of any fees it is entitled to in
3    connection with the filing of this fee motion).

## II.    RELEVANT PROCEDURAL HISTORY

5    On January 16, 2020, Plaintiff filed her initial complaint.  [ECF No. 2.]  When
6    the action was filed, Plaintiff was represented by counsel.  On February 14, 2020,
7    counsel for the parties met and conferred regarding the substance of Defendant's
8    anticipated motion to dismiss.  After Plaintiff refused to amend or voluntarily dismiss
9    her complaint, Defendant on March 13, 2020 filed a motion to dismiss for failure to
10   state a claim.  [ECF No. 15.]  The motion argued that (i) the allegations of access were
11   deficient, (ii) there was no meaningful, much less substantial, similarity between
12   Plaintiff's works and the *Bull* Episode or the Proposed *Clueless* Series, (iii) the
13   infringement claim based on the Proposed *Clueless* Series was not ripe for adjudication,
14   (iv) the declaratory relief claim was deficient for the same reasons as the copyright
15   infringement claims, and (v) the unfair competition claim was preempted by the
16   Copyright Act.

17   On October 20, 2020, the Court granted Defendant's motion to dismiss. [ECF
18   No. 25.]  Specifically, the Court dismissed Plaintiff's infringement claim based on the
19   *Bull* Episode with leave to amend.[1]  The Court dismissed Plaintiff's claims for unfair
20   competition and declaratory relief, but also granted leave to amend. Finally, the Court
21   found that Plaintiff's claim based on the Proposed *Clueless* Series was not ripe and
22   dismissed that claim with prejudice.

23   On November 9, 2020, counsel for Plaintiff filed a motion to withdraw [ECF No.
24   36], and on December 11, 2020, the Court granted the motion.  [ECF No. 43.]  On
25   December 17, 2020, Plaintiff filed an amended complaint essentially alleging all the

26   _____

27   [1]    Plaintiff originally based her claims on the Treatment only.  It appears that the
     Court granted leave to amend so that Plaintiff could allege a claim based on
28   infringement of the Pilot.  This is supported by the fact that the Court denied
     Defendant's request for judicial notice of the Pilot specifically because Plaintiff's
     complaint did not allege infringement of that particular work.  [*See* ECF No. 25 at *4.]

149228005

Katten

Katten Muchin Rosenman LLP

515 South Flower Street, Suite 1000
Los Angeles, CA 90071-2212
213.788.4445 tel   213.788.7361 fax

1   same claims except for her original request for declaratory relief.[2]  [ECF No. 45.]  On

2   February 3, 2021, Defendant filed a motion to dismiss the amended complaint.  [ECF

3   No. 47.]   After eighteen months of litigation, on May 21, 2021, the Court granted

4   Defendant's motion, dismissing all of Plaintiff's claims with prejudice.  [ECF No. 54.]

5        In both of its dismissal orders, the Court noted that Plaintiff's allegations of

6   access were insufficient and utterly speculative.  [ECF No. 25 at *6-7; ECF No. 54 at

7   *4.]  With respect to substantial similarity, the court made the following findings, ***all of***

8   ***which had been previously pointed out by Defendant's counsel prior to the filing of***

9   ***the first motion to dismiss***[3]: (1) there was no copying of any "original" selection of

10  unprotectable elements, rather, Plaintiff identified only a random list of similarities

11  scattered throughout the works; (2) any similarities between the protagonists in each

12  work with respect to name, occupation or background was vastly outweighed by the

13  "significant differences" between the works including differing central plots and

14  secondary characters; and (3) many of the other purported similarities were "common

15  tropes" for the genre in question.  [ECF No. 25 at *7-9; ECF No. 54 at *5.]

16  **III.    STANDARD OF REVIEW**

17       The Copyright Act authorizes a district court to "award a reasonable attorney's

18  fee to the prevailing party as part of the[ir] costs."  17 U.S.C. § 505.  For purposes of

19  awarding fees, "[p]revailing plaintiffs and prevailing defendants are to be treated

20  alike."  *Fogerty v. Fantasy Inc.*, 510 U.S. 517, 534 (1994); *see also Kirtsaeng v. John*

21  *Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016) ("defendants should be 'encouraged

22  to litigate [meritorious copyright defenses] to the same extent that plaintiffs are

23  encouraged to litigate meritorious claims of infringement.'") (internal citation omitted).

24  Unlike U.S. patent and trademark laws, the Copyright Act does not limit the availability

25  of fee awards to "exceptional cases."

26

27  [2]    Defendant was also required to engage in additional motion practice relating to
    Plaintiff's motion to amend her complaint.  [ECF Nos. 38, 41.]
28  [3]    *See* Declaration of Joanna M. Hill ("Hill Decl.") ¶ 4, Ex. 1.

3

Katten
Katten Muchin Rosenman LLP
515 South Flower Street, Suite 1000
Los Angeles, CA 90071-2212
213.788.7445 tel   213.788.7360 fax

1   In deciding whether to award attorneys' fees, courts conduct a case-by-case

2   analysis and consider, but are not limited to, the following five factors: "'(1) the degree

3   of success obtained, (2) frivolousness, (3) motivation, (4) [objective] reasonableness of

4   [the] losing party's legal and factual arguments, and (5) the need to advance

5   considerations of compensation and deterrence.'" *Tresóna Multimedia, Ltd. Liab. Co.*

6   *v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 653 (9th Cir. 2020) (citing

7   *Wall Data Inc. v. L.A. Cty. Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006)); *see also*

8   *Fogerty*, 510 U.S. at 534 n.19.

9   Substantial weight should be given to the fourth factor – the objective

10  reasonableness of the non-prevailing party's position.  *Kirtsaeng*, 136 S. Ct. at 1989;

11  *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018).  Nonetheless, a

12  court may award attorneys' fees to a prevailing defendant "even when the losing party

13  advanced a reasonable claim." *Kirtsaeng*, 136 S. Ct. at 1983.

## IV.  DEFENDANT IS ENTITLED TO RECOVER ITS ATTORNEYS' FEES IN DEFENDING AGAINST PLAINTIFF'S MULTIPLE MERITLESS COMPLAINTS.

### A.  <u>Defendant Achieved Complete Success On The Merits.</u>

18  The first factor examines the prevailing party's degree of success and "weighs

19  more in favor of a party who prevailed on the merits, rather than on a technical

20  defense." *DuckHole Inc. v. NBCUniversal Media LLC*, No. CV-12-10077-BRO, 2013

21  WL 5797204, at *2 (C.D. Cal. Oct. 25, 2013) (citing *Fogerty*, 510 U.S. at 556).

22  Defendant unquestionably satisfies this first factor because defeating all of Plaintiff's

23  claims on a motion to dismiss constitutes complete success on the merits.  *Shame On*

24  *You Prods. v. Banks*, No. CV1403512MMMJCX, 2016 WL 5929245, at *6,

25  (defendants' "degree of success in the action was total" when copyright claims were

26  dismissed due to lack of substantial similarity), *aff'd*, 893 F.3d 661 (9th Cir. 2018);

27  *Marcus v. ABC Signature Studios, Inc.*, No. 17CV00148RSWLAJWX, 2017 WL

28  5592470 at *3 (C.D. Cal. Nov. 20, 2017) (degree of success favored awarding

149228005

1 attorneys' fees where defendants' motion to dismiss was granted for lack of substantial

2 similarity without leave to amend).

3 **B.      Plaintiff's Claims Were Objectively Unreasonable And Frivolous.**

4        "Objective unreasonableness" is generally used to describe claims that have no

5 legal or factual support. *Glass v. Sue*, No. CV 09-8570-RGK SHX, 2011 WL 561028,

6 at *4 (C.D. Cal. Feb. 8, 2011) (citing *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102,

7 1120 (9th Cir. 2007)).  A claim is objectively unreasonable when a plaintiff, ***regardless***

8 ***of whether or not he/she proceeds pro se***, "should have known" that the possibility of

9 prevailing on his/her claims was "slim to none." *Marcus*, 2017 WL 5592470, at *3

10 (awarding fees against pro se plaintiff).[4]  Further, "[a] claim that is not objectively

11 unreasonable at the outset can become so if the litigant continues to pursue it when the

12 litigant knew or should have known that the chance of success was slim to none."

13 *Erickson Prods. Inc. v. Kast*, No. 5:13-CV-05472-HRL, 2016 WL 3951659, at *2 (N.D.

14 Cal. July 22, 2016).

15        With respect to copyright infringement claims, a plaintiff's conduct is considered

16 to be objectively unreasonable when the plaintiff's "theory of access [is] unsupported

17 by the facts." *Gable v. Nat'l Broad. Co.*, No. CV084013SVWFFMX, 2010 WL

18 11506430, at *4, *5 (C.D. Cal. Aug. 6, 2010) (plaintiff "had no reason to believe that

19 anyone… involved in the creation" of the allegedly infringing series had access to his

20 work).[5]  A plaintiff's claim is also considered to be objectively unreasonable if there is

21 a "lack of any meaningful or legally cognizable similarity." *Id.* at *5 ("The significant

22 differences between the works, on every level except that of unprotected ideas, were

23 obvious from a review of the two works.  Thus, Plaintiff's claim was objectively

24 ───────────────

[4]      *See also Lawrence*, 2011 WL 13217267, at *4 (noting that "numerous courts

25 have awarded fees against pro se plaintiffs in similar cases where the plaintiff insisted

on pursuing obviously groundless copyright infringement claims."); *Cummings v.*

26 *Dolby Lab'ys, Inc.*, 2021 WL 1564455, at *1 (C.D. Cal. Apr. 20, 2021) (awarding fees

against pro se plaintiff in infringement action).

27 [5]      *See also Marcus*, 2017 WL 5592470, at *3 (pro se plaintiff's conduct was

objectively unreasonable when he continued to pursue his copyright infringement claim

28 after receiving a sworn affidavit from defendants stating that they had never received or

reviewed plaintiff's work).

149228005

Katten
Katten Muchin Rosenman LLP
515 South Flower Street, Suite 1000
Los Angeles, CA 90071-2212
213.788.2445 tel   213.788.7310 fax

unreasonable."); *Marcus*, 2017 WL 5592470, at *3 (pro se plaintiff failed to identify any protectable similarities between the works in question).  When a district court rules on the merits of a copyright claim, it "can easily assess whether the losing party advanced an unreasonable claim or defense." *Kirtsaeng*, 136 S. Ct. at 1987.

Similarly, a claim is appropriately considered to be frivolous "when the 'result is obvious or the arguments are wholly without merit.'" *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB SHX, 2015 WL 1746484, at *8 (citing *Glass*, 2011 WL 561028, at *3), *aff'd*, 847 F.3d 657 (9th Cir. 2017).  However, bad faith or frivolousness "is not essential" to a fee award under the Copyright Act.  *DuckHole*, 2013 WL 5797204, at *2; *see also Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 560 (9th Cir. 1996) (affirming defendants' $1.3 million attorney fee award even though plaintiff's claims were "neither frivolous nor prosecuted in bad faith"); *Perfect 10*, 2015 WL 1746484, *9 ("[T]he fact that Perfect 10's copyright claims were not frivolous . . . does not undermine the Court's ultimate conclusion that attorneys' fees would promote the purpose of the Copyright Act and are appropriate in this case.")

Plaintiff's original and amended complaints were both factually and legally unreasonable as evidenced by the fact that both pleadings failed as a matter of law.  First, Plaintiff did not and could not allege any facts to support her speculative assumption that anyone associated with the creation or development of the *Bull* Episode or the Proposed *Clueless* Series had obtained access to Plaintiff's works.

Second, had Plaintiff or her prior attorney reviewed the works in question with even a basic comprehension of applicable copyright law principles, it would have been "obvious" that there were "significant differences" between the works and that most, if not all, of the purported similarities were "unprotected ideas," as the Court ultimately concluded.  *See Gable*, 2010 WL 11506430, at *5.  In fact, when counsel for Defendant raised these very issues with Plaintiff's counsel prior to filing Defendant's initial motion to dismiss, Plaintiff insisted on proceeding with her claims, opposed

149228005

1    Defendant's motion to dismiss and, after that motion was granted, filed an amended

2    complaint.  [Hill Decl. ¶ 4, Ex. 1.]

3        Third, the Court's specific findings in its two separate orders dismissing the

4    original and amended complaints, respectively [ECF Nos. 25, 54], further evidence that

5    Plaintiff's claims were manifestly unreasonable:

6    • "The Complaint does not allege ViacomCBS received the treatment....

7    Therefore, whether ViacomCBS had a reasonable opportunity to view

8    Plaintiff's work is speculative."  [ECF No. 25 at *6-7.]

9    • "Plaintiff's alleged means of access fail to assert factual allegations that raise

10    a right to relief above the level of speculation."  [ECF No. 54 at *4.]

11    • "Plaintiff failed to sufficiently allege that her work is substantially similar [to

12    the *Bull* Episode] under the extrinsic test."  [ECF No. 54 at *5.]

13    • The original complaint "fails to allege (or describe) the similarities in the

14    arrangement of generic elements in the two works."  [ECF No. 25 at *8.]

15    • "Significant differences between the two works exist: #SquadGoals is akin to

16    a "whodunnit" murder mystery, while the *Bull* episode is akin to a courtroom

17    procedural."  [ECF No. 25 at *8; *see also* ECF No. 54 at *5.]

18    • "[T]he plot of #SquadGoals focuses on the social dynamics of a group of

19    friends after the suspicious disappearance of their leader, while the plot of the

20    *Bull* episode focuses on the protagonist attempting to end her father's legal

21    guardianship over her."  [ECF No. 25 at *8; *see also* ECF No. 54 at *5.]

22    • "[T]he secondary characters of the works bear no resemblance to each other."

23    [ECF No. 25 at *8; *see also* ECF No. 54 at *5.]

24    • "[T]he idea that paparazzi would surround and photograph a celebrity, and

25    that friends or family might take advantage of a famous protagonist, are

26    common tropes in stories featuring celebrities."  [ECF No. 25 at *8.]

27    • "[S]ignificant plot, theme and character differences between the two works

28    exist."  [ECF No. 54 at *5.]

Katten
KattenMuchinRosenman LLP
515 South Flower Street, Suite 1000
Los Angeles, CA 90071-2212
213.788.7445 tel  213.788.7360 fax

7

- "The proposed Clueless remake has not been produced and no screenplay yet exists. … Therefore, it is impossible to assess whether the proposed *Clueless* remake will infringe the copyright of Plaintiff." [ECF No. 25 at *10.]
- Dismissing Plaintiff's unfair competition claim on preemption grounds because it "is identical to the infringement claim." [ECF No. 25 at *10.]
- "Plaintiff's claim for declaratory relief rises and falls with her claim for Copyright infringement." [ECF No. 25 at *11.]

These findings make clear that Plaintiff's allegations regarding access and substantial similarity were not supported by facts and were therefore objectively unreasonable.

## C.  Plaintiff's Motives In This Action Now Appear To Have Been Improper.

A finding of bad faith may be based on Plaintiff's conduct that "suggests an intent to force Defendant[] to expend significant resources on litigation in order to coerce a settlement." *Shame on You*, 2016 WL 5929245, at *9.  Bad faith, while not necessary to an award of fees, can be based on both a plaintiff's actions in bringing the lawsuit and a plaintiff's behavior during the course of litigation.  *Marcus*, 2017 WL 5592470, at *4.

Plaintiff's prior counsel in this action had ample entertainment litigation experience[6], and he therefore either knew or should have known that Plaintiff's infringement claim was without merit and directly contrary to existing case law. (Defendant's counsel also repeatedly told Plaintiff's prior counsel that Plaintiff's claims were meritless.)[7]  Then, after Plaintiff fired her attorney – ostensibly because of her decision to move forward with her claims after her initial complaint was dismissed[8] – Plaintiff filed an amended complaint alleging essentially all of the same claims.

---

[6]  *See* Hill Decl., ¶ 5, Ex. 2.

[7]  *See* Hill Decl., ¶ 4, Ex. 1.

[8]  *See* ECF No. 36 at *3 (Motion to Withdraw as Counsel) ("After receiving the Court's ruling on Defendant's Motion to Dismiss, Plaintiff and her counsel have

Katten

KattenMuchinRosenman LLP
515 South Flower Street, Suite 1000
Los Angeles, CA 90071-2212
213.788.2445 tel   213.788.7360 fax

Since the dismissal with prejudice of her action, Plaintiff has made it evident that her motive in continuing to pursue these claims is to obtain a payout in spite of the Court's *two* separate rulings dismissing her claims.  During the parties' meet and confer video conference, Plaintiff threatened that unless Defendant agrees to purchase her works, she intends to (i) continue litigating her claims, (ii) gather other writers together to file a similar lawsuit against Defendant and (iii) speak with the media about Defendant purportedly stealing ideas from a Black female writer.  [Hill Decl. ¶ 8.]

Plaintiff's conduct in connection with this fee motion is further evidence of her bad faith conduct.   On June 8, 2021, counsel for Defendant contacted Plaintiff requesting a brief phone call to discuss the substance of this fee motion in accordance with Local Rule 7-3.  [Hill Decl. ¶ 6, Ex. 3 at *7-8.]  Plaintiff claimed that she did not want to participate in the call without her "new" legal representative present, but as of the filing of this fee motion, Plaintiff is still proceeding pro se.[9] [*Id.* at Ex. 3 at *6]

Counsel for Defendant subsequently advised Plaintiff that the parties needed to meet and confer no later than June 10 (in order to comply with Local Rule 7-3), but Plaintiff refused to agree to meet by that date because she was still in the process of "secur[ing] a new lawyer."  [Hill Decl., ¶ 6, Ex. 3 at *4-5.]  On the morning of June 10, after Plaintiff had made clear she would not make herself available for a virtual or telephonic meeting, counsel for Defendant sent Plaintiff a detailed meet and confer email laying out the substance of Defendant's anticipation motion for fees.  [Hill Decl. ¶ 6, Ex. 3 at *2-3.]  Plaintiff then waited until the next day, June 11, to finally agree to meet to discuss Defendant's motion for fees. [Hill Decl. ¶ 7, Ex. 3 at *1-2.] Later that same day, Plaintiff and Defendant's counsel participated in a Zoom virtual conference where they further discussed the basis of this fee motion.  [*Id.*]

---

different views on moving forward with the case, and Plaintiff indicated she would be seeking new counsel.").

[9]     Plaintiff initially stated that she "need[ed] to confer with [her] new legal representation" before agreeing to participate in the parties' meet and confer call, but then she later stated that she was still "working closely with the California Lawyers for the Arts to ***secure a new lawyer***."  [Hill Decl. ¶ 6, Ex. 3 at *4, 6 (emphasis added).]

Katten
Katten Muchin Rosenman LLP
515 South Flower Street, Suite 1000
Los Angeles, CA 90071-2212
213.788.4445 tel    213.788.7360 fax

Plaintiff's conduct makes clear that she intentionally delayed the meeting with Defendant's counsel in order to undercut Defendant's motion to recover fees.  But Defendant has still satisfied its obligation under Local Rule 7-3 because Defendant's counsel sent a timely meet and confer email advising Plaintiff of the basis for the fee motion, and the Local Rule does not *require* that the parties meet in person or telephonically.

In sum, an award of fees is necessary to deter actions like this that have been pursued in bad faith.

**D.** **Awarding Attorneys' Fees And Costs Would Deter Meritless Infringement Claims.**

This factor is designed to deter opportunistic plaintiffs from bringing frivolous and unreasonable claims and to ensure that defendants are encouraged to protect their legitimate rights. *See Scott v. Meyer*, No. CV 09-6076 ODW(RZX), 2010 WL 2569286, at *3 (C.D. Cal. June 21, 2010) ("Deterring non-meritorious lawsuits against defendants seen as having 'deep pockets' and compensating parties that must defend themselves against meritless claims are both laudable ends."); *AF Holdings LLC v. Navasca*, No. C-12-2396 EMC, 2013 WL 3815677, at *3 (N.D. Cal. July 22, 2013) ("[T]here is a strong argument in favor of awarding fees as a deterrent, both with respect to [plaintiff] and other persons or entities that might contemplate a similar business model that is not intended to protect copyrighted work but instead designed to generate revenues through suits and coerced settlements.")  Awarding fees in cases like this is vital because it provides parties with "every incentive to keep fighting" against meritless infringement claims "no matter that attorney's fees in a protracted suit might be as or more costly than a settlement." *Kirtsaeng*, 136 S. Ct. at 1986.

Finally, in evaluating this fee motion, the Court should not consider whether Plaintiff is in fact capable of paying any fee award because, otherwise, "indigent plaintiffs could bring wholly frivolous suits against successful [creators] in the hopes of negotiating a nuisance settlement, without any concern about having to pay attorneys'

Katten

315 South Flower Street, Suite 1000
Los Angeles, CA 90071-3212
213.788.4400 tel   213.788.7760 fax

149228005

fees if the case were to go forward." *Gable*, 2010 WL 11506430, at *9 n.10 (granting approximately $500,000 in attorneys' fees against purportedly indigent defendant). "Such a result would not serve the purposes of deterring frivolous claims, nor would it encourage original authors to vindicate their rights against frivolous infringement suits." *Id.*

Awarding Defendant its reasonable attorneys' fees and costs in this action will further incentivize similarly situated defendants to fight meritless claims of infringement, and it will deter plaintiffs from pursuing similar infringement claims without first looking closely at the legal merits and relative strengths and weaknesses of their claims. Even though Defendant was able to dispose of this claim prior to extensive discovery and summary judgment, Defendant still incurred significant expenses by engaging outside counsel to litigate this case. That cost should not be borne by Defendant, but rather, should be shifted to Plaintiff.

## E.     <u>Granting This Fee Motion Would Further The Interests Of The Copyright Act.</u>

The Copyright Act aims to "enrich[] the general public through access to creative works." *Fogerty*, 510 U.S. at 527. To that end, "[a] successful defense furthers the purposes of the Copyright Act just as much as a successful infringement suit does." *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1043 (9th Cir. 2014). This is particularly so where the defendant's "defense also nudge[s] copyright law in the direction of 'free expression' by appealing to basic principles about the unprotectability of ideas, instead of relying on 'technical defense[s], such as the statute of limitations, laches, or the copyright registration requirements.'" *Mattel, Inc. v. MGA Entm't, Inc.*, No. CV 04-9049 DOC RNBX, 2011 WL 3420603, at *2 (C.D. Cal. Aug. 4, 2011) (citing *Fantasy*, 94 F.3d at 556), *aff'd sub nom. Mattel, Inc v. MGA Ent., Inc.*, 705 F.3d 1108 (9th Cir. 2013).

Awarding fees in connection with meritless infringement claims "will encourage artists to continue producing original works without fear of having to defend against

149228005

baseless claims." *Shame On You Prods.*, 2016 WL 5929245, at \*11; *see also Fogerty*, 510 U.S. at 527 ("[T]he successful defense of 'The Old Man Down the Road' increased public exposure to a musical work that could, as a result, lead to further creative pieces"); *Scott*, 2010 WL 2569286, at \*4 ("The successful defense against Plaintiff's copyright infringement claims will assure that [defendant's] literary work remains available to the public, thus furthering the goal of 'stimulat[ing] artistic creativity for the general public good' and perhaps 'lead to further creative pieces.'" (citing *Fantasy*, 94 F.3d at 559)).

## V.   DEFENDANT'S REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE.

### A.   Defendant's Attorneys' Rates Are Reasonable.

District courts use the lodestar method to calculate an award for attorneys' fees. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001).  This method takes the number of hours reasonably expended on the litigation and multiplies it by a reasonable hourly rate.  *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996).  The prevailing market rate in the community is indicative of an attorney's reasonable hourly rate.  *Blum v. Stevenson*, 465 U.S. 886, 895-96 n.11 (1984) (the requested rates must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation").

"There is a strong presumption that the lodestar figure represents a reasonable fee.  'Only in rare instances should the lodestar figure be adjusted on the basis of other considerations.'" *Morales*, 96 F.3d at 363 n.8 (citing *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994) and *Oviatt v. Pearce*, 954 F.2d 1470, 1482 (9th Cir. 1992)).

Finally, although a prevailing party must provide evidence to support the hours spent on litigating meritless claims, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392,

149228005

1397-98 (9th Cir. 1992). The fee applicant's records need not be extraordinarily detailed but should identify the general subject matter of the claimed time expenditures. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12.

This matter was leanly staffed: Defendant was represented by only one litigation partner, David Halberstadter, one senior associate, Joanna Hill, and one junior associate, Shelby Palmer, all of whom have extensive entertainment and copyright experience collectively spanning over three decades. [Hill Decl. ¶¶ 8-10.] Mr. Halberstadter has practiced as an entertainment litigator in Los Angeles for over thirty years and, for this matter, charged an hourly rate of $1,000. [Hill Decl. ¶ 8.] Ms. Hill has seven years of notable copyright litigation experience and had an hourly rate of $745 per hour. [Hill Decl. ¶ 9.] Ms. Palmer has two years of entertainment litigation experience and an hourly rate of $490 per hour. [Hill Decl. ¶ 10.] Katten applied a 15 percent discount to all of the fees billed to Defendant, which is reflected in the total fees requested by this motion. Accordingly, Mr. Halberstadter's effective hourly rate for this matter was $850 per hour; Ms. Hill's effective hourly rate for this matter was $633 per hour; and Ms. Palmer's effective hourly rate for this matter was $415 per hour. [Hill Decl. ¶ 12.] These rates are reasonable both in light of the prevailing market rates and defense counsel's experience.[10] [Hill Decl. ¶ 11.]

**B.**    **Counsel for Defendant Spent A Reasonable Amount Of Time Litigating The Merits Of Plaintiff's Two Complaints.**

Counsel for Defendant spent in the aggregate approximately 398 hours accomplishing the following tasks, among others:

(1) Conducting the initial case investigation;

(2) Reviewing Plaintiff's works and comparing them to the *Bull* Episode;

---

[10]    *See e.g. WB Music Corp. v. Royce Int'l Broad. Corp.*, 2018 WL 6177237, at *5 (C.D. Cal. July 9, 2018) (in copyright infringement action decided three years ago, rate of $742.50 to $778.50 an hour was reasonable for a Senior Counsel at Arnold & Porter, rate of $495 an hour was reasonable for an associate "right out of law school"); *Perfect 10*, 2015 WL 1746484, at *30 (in infringement action decided six years ago, a partner at Fenwick & West with 29 years' experience reasonably charged between $825 and $930 an hour).

Katten
Katten Muchin Rosenman LLP
515 South Flower Street, Suite 1000
Los Angeles, CA 90071-2212
213.788.0445 tel   213.788.7360 fax

13

(3) Corresponding with Plaintiff and her prior counsel regarding the merits of, and potential grounds for dismissal of, Plaintiff's initial complaint;

(4) Researching and drafting the motion to dismiss the initial complaint, reviewing Plaintiff's opposition to the original motion to dismiss (including the motion itself and an extensive request for judicial notice), researching and drafting a reply in support of the motion to dismiss, preparing for and participating in the hearing on Defendant's motion, and reviewing/analyzing the Court's ruling thereon;

(5) Evaluating Plaintiff's motion to amend her complaint, and research and drafting of an opposition to the motion to amend;

(6) Reviewing Plaintiff's proposed amended complaint, additional research and drafting the motion to dismiss Plaintiff's amended complaint, reviewing Plaintiff's opposition to the motion, researching and drafting a reply brief, preparing for and participating in the hearing on Defendant's motion to dismiss the amended complaint, reviewing/analyzing the Court's ruling thereon and drafting a proposed Judgment thereon. [Hill Decl. ¶ 14, Ex. 4.]

This estimate does not account for the time spent researching and drafting this fee application and the supporting papers. [*Id.*]

The number of hours expended by counsel for Defendant in litigating this matter for eighteen months was reasonable. In fact, in similar copyright infringement matters in this district, courts have found that a significantly greater number of hours spent by defense counsel to obtain a dismissal was reasonable. *See Lawrence*, 2011 WL 13217267, at *3 (finding over 800 hours in attorneys' fees were reasonable in defending against plaintiff's copyright claims); *Love v. Mail on Sunday*, No. CV05-7798 ABC(PJWX), 2007 WL 2709975, at *8-12 (C.D. Cal. Sep. 7, 2007) (applying only minor reductions when recovery for 1,109 hours of attorneys' fees was sought), *aff'd sub nom. Love v. Associated Newspapers, Ltd.*, 611 F.3d 601 (9th Cir. 2010); *Shame On You Prods.*, 2016 WL 5929245, at *18-19 (granting motion for attorneys'

14

149228005

1    fees with only minor deduction when defendants sought recovery of approximately 800

2    hours of attorney's fees).[11]

3         Accordingly, given that Defendant was obligated to review the works in

4    question, analyze all of the similarities alleged by Plaintiff, and file *two* motions to

5    dismiss due to Plaintiff's futile amendments, the number of hours defense counsel spent

6    litigating this matter is eminently reasonable.

7         **C.     Defendant Requests $233,667.22 In Attorneys' Fees And $1,051.53 In**

8              **Costs.**

9         Defendant seeks $233.667.22[12] in attorneys' fees and $1,051.53 in costs[13]

10   already incurred in this litigation, separate and apart from the fees incurred in

11   connection with this Motion.  [Hill Decl. ¶ 13, Exs. 4-5.]  From January 2020 (when

12   Plaintiff filed her initial complaint) through the end of May 2021 (when the Court

13   dismissed Plaintiff's amended complaint with prejudice), counsel for Defendant has

14   spent 398 hours on this matter.  More specifically, Mr. Halberstadter, Ms. Hill and Ms.

15   Palmer billed in excess of 151 hours, 101 hours and 145 hours, respectively. [*Id.* at ¶¶

16   14-15, Exs. 4-5.]

17        Defendant incurred the following recoverable costs totaling $1,051.53: (a)

18   Messenger fees; (b) Copying; (c) Postage; (d) PACER fees; and (e) Copyright Office

19   fees.  [*Id.* at ¶ 13, Exs. 4-5.]

20        **D.     Defendant Is Also Entitled To Recover Fees And Costs Incurred In**

21              **Connection With This Motion.**

22        "'[T]ime spent in establishing the entitlement to and amount of the fee is

23   compensable.'"  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008)

---

[11]    In each of these other similar matters, counsel for the prevailing parties were required to review and compare the plaintiff's work(s) with the defendant(s) works (*e.g.*, defendant's film/television program vs. plaintiff's screenplay), just as Defendant's counsel was required to do in this case.

[12]    The total fees requested by this motion reflect a 15 percent discount. [Hill Decl. ¶ 13.]

[13]    The Court has the discretion to award litigation costs to Defendant pursuant to 17 U.S.C. § 505.

**Katten**
Katten Muchin Rosenman LLP
515 South Flower Street, Suite 1000
Los Angeles, CA 90071-2212
213.788.0445 tel   213.788.7360 fax

149228005

(citing *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-660 (9th Cir. 1985)).  Defendant incurred approximately $34,000 in additional fees for 57 hours spent negotiating a settlement with Plaintiff to avoid this motion, as well as researching, drafting and revising this fee motion, the supporting declaration and supporting exhibits.  [Hill Decl. ¶ 16.]

## VI.   CONCLUSION

For all of the reasons set forth above, Defendant respectfully requests that the Court award Defendant its reasonable attorneys' fees and costs in the amount of $268,718.75 as well as additional fees incurred in connection with any supplemental briefing relating to this motion.

Dated:  June 17, 2021                    KATTEN MUCHIN ROSENMAN LLP


                                         By: /s/ *Joanna M. Hill*
                                             Joanna M. Hill
                                         Attorneys for Defendant
                                         ViacomCBS Inc.

149228005