David Halberstadter (SBN 107033)
david.halberstadter@katten.com
Joanna M. Hill (SBN 301515)
joanna.hill@katten.com
Shelby A. Palmer (SBN 329450)
shelby.palmer@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

Attorneys for Defendant
ViacomCBS Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CANDESHA WASHINGTON,<br><br>        Plaintiff<br><br>   v.<br><br>VIACOMCBS, INC.; AND DOES 1 THROUGH 50,<br><br>        Defendants. | Case No. 2:20-cv-00435<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>[Hon. Consuelo B. Marshall]<br><br>*[Supplemental Declaration of Joanna M. Hill and Declaration of Shelby A. Palmer filed concurrently herewith]*<br><br>Date: July 20, 2021<br>Time: 10:00 A.M.<br>Place: Room 8B |

149403606

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. DEFENDANT COMPLIED WITH LOCAL RULE 7-3. ......................................2

III. DEFENDANT IS ENTITLED TO RECOVER ITS ATTORNEYS' FEES BECAUSE PLAINTIFF'S CLAIMS WERE OBJECTIVELY UNREASONABLE AND PURSUED IN BAD FAITH. ........................................4

    A. Plaintiff's Claims Were Objectively Unreasonable And Frivolous..............4

    B. Plaintiff's Conduct During This Litigation Evidences Bad Faith.................5

IV. THE REQUESTED ATTORNEYS' FEES ARE REASONABLE. ........................7

V. DEFENDANT ALSO SEEKS AN ADDITIONAL $15,115 IN FEES INCURRED IN CONNECTION WITH THIS REPLY. ........................................8

VI. CONCLUSION ......................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Camacho v. Bridgeport Fin., Inc.*,
   523 F.3d 973 (9th Cir. 2008) ................................................................................. 8

*Evergreen Media Holdings, LLC v. Stroock & Stroock & Lavan LLP*,
   No. 15-CV-01648 (ABV)(BKX), 2015 WL 12765630 (C.D. Cal. Apr.
   16, 2015) ................................................................................................................ 3

*Fantasy, Inc. v. Fogerty*,
   94 F.3d 553 (9th Cir. 1996) ................................................................................... 5

*Gable v. Nat'l Broad. Co.*,
   No. 08-CV-4013 (SVW), 2010 WL 11506430 (C.D. Cal. Aug. 6, 2010) ........... 4

*Gates v. Deukmejian*,
   987 F.2d 1392 (9th Cir. 1992) ............................................................................... 7

*In re Nucorp Energy, Inc.*,
   764 F.2d 655 (9th Cir. 1985) ................................................................................. 8

*JAT Wheels Inc. v. JNC Wheel Collection*,
   No. 14-CV-04898 (JVS), 2014 WL 4568323 (C.D. Cal. Sept. 8, 2014) ............. 3

*Lawrence v. Sony Pictures Entm't Inc.*,
   No. 10-CV-04737 (SVW)(EX), 2011 WL 13217267 (C.D. Cal. Oct. 5,
   2011), *aff'd*, 534 F. App'x 651 (9th Cir. 2013) ............................................... 2, 8

*Love v. Mail on Sunday*,
   No. CV05-7798 ABC(PJWX), 2007 WL 2709975 (C.D. Cal. Sep. 7,
   2007), *aff'd sub nom. Love v. Associated Newspapers, Ltd.*, 611 F.3d
   601 (9th Cir. 2010) ................................................................................................ 8

*Marcus v. ABC Signature Studios, Inc.*,
   No. 17-CV-00148 (RSW), 2017 WL 5592470 (C.D. Cal. Nov. 20,
   2017) ...................................................................................................................... 6

*Meggs v. NBCUniversal Media, LLC*,
   No. 17-CV-03769 (ODW), 2017 WL 2974916 (C.D. Cal. July 12,
   2017) ...................................................................................................................... 3

*Reed v. Sandstone Props., L.P.*,
  12-CV-05021 (MMM), 2013 WL 1344912 (C.D. Cal. Apr. 2, 2013) .............1, 3

*Shame on You Prods., Inc. v. Banks*,
  No. 14-CV-03512 (MMM)(JCX), 2016 WL 5929245 (C.D. Cal. Aug. 15, 2016), *aff'd*, 893 F.3d 661 (9th Cir. 2018) .............................................1, 4, 8

**Rules**

C.D. Cal. L.R. 7-3 ...........................................................................................1, 2, 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Candesha Washington ("Plaintiff") makes a number of irrelevant, false and baseless arguments as to why the Court should not grant Defendant ViacomCBS Inc.'s ("Defendant") motion for attorneys' fees and costs (the "Fee Motion") and award Defendant its reasonable fees incurred in successfully defending against Plaintiff's meritless claims.

Plaintiff argues primarily that the Fee Motion should be denied because (i) Defendant supposedly failed to comply with Local Rule 7-3, (ii) Plaintiff had a subjective, good faith belief in the merits of her claims, (iii) Plaintiff's prior attorney purportedly mishandled her case, (iv) Defendant recently conducted an internal investigation which eventually led to the departure of the "showrunner" of the *Bull* television series, and (v) Defendant's fees were not reasonably incurred. These arguments are wholly without merit.

First, Defendant satisfied its obligation to meet and confer under Local Rule 7-3 when its counsel sent a detailed e-mail outlining the basis of the Fee Motion on June 10, 2021 (seven days prior to filing the Fee Motion). But even if that were not sufficient (which it is), Plaintiff suffered no prejudice because the parties also met on a Zoom conference the very next day (June 11) and discussed the Fee Motion in detail. *See Reed v. Sandstone Props., L.P.*, 12-CV-05021 (MMM)(VBKX), 2013 WL 1344912, at *6 (C.D. Cal. Apr. 2, 2013) (electing to consider a motion on the merits notwithstanding an untimely pre-filing conference because the opposing party did not suffer any prejudice as a result of the late conference).

Second, Plaintiff's *subjective* beliefs are irrelevant to the Court's analysis of the *objective* unreasonableness of her claims, given that Plaintiff had no facts and no evidence to support her theories of access; and even if she had, the works in question shared no similarities beyond the most generic elements. *See Shame on You Prods.,*

*Inc. v. Banks*, No. 14-CV-03512 (MMM)(JCX), 2016 WL 5929245, at *7 (C.D. Cal. Aug. 15, 2016), *aff'd*, 893 F.3d 661 (9th Cir. 2018).

Third, Plaintiff fails to make any logical connection between how her prior attorney's purported mishandling of her case, or an unrelated internal investigation involving *Bull*'s showrunner, are in any way relevant to any of the factors courts consider in deciding whether to award a prevailing party its fees and costs.

Last, Plaintiff does not dispute that the rates charged by Defendant's attorneys are reasonable, or offer any evidence or facts disputing Defendant's attorneys' accounting of the time spent litigating this matter. Rather, Plaintiff simply thinks defense counsel spent too much time defending against Plaintiff's claims; but Plaintiff is not an attorney (and therefore has no basis for this assumption), and courts have awarded fees in cases where defense counsel spent significantly more time defending against similar claims. *See, e.g., Lawrence v. Sony Pictures Entm't Inc.*, No. 10-CV-04737 (SVW)(EX), 2011 WL 13217267, at *3 (C.D. Cal. Oct. 5, 2011) (allowing recovery for 800 hours spent defending against meritless infringement claim), *aff'd*, 534 F. App'x 651 (9th Cir. 2013).

Defendant respectfully requests that the Court award it reasonable attorneys' fees and costs in the total amount of $283,830.75 (inclusive of fees it is entitled to in connection with additional work related to this reply briefing).

## II. DEFENDANT COMPLIED WITH LOCAL RULE 7-3.

Local Rule 7-3 requires that prior to filing most motions, the moving party must "first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. Although there is a preference for the parties to meet and confer in person, this is not a requirement. Rather, the focus is on whether the moving party "discuss[es] thoroughly" the substance of the motion. *See id*.

On June 10, 2021, seven days before Defendant filed the Fee Motion, Defendant's counsel sent Plaintiff a detailed meet and confer e-mail that laid out all the arguments Defendant intended to make with respect to its Fee Motion.[1]  *See JAT Wheels Inc. v. JNC Wheel Collection*, No. 14-CV-04898 (JVS)(MRWX), 2014 WL 4568323, at *2 n.1 (C.D. Cal. Sept. 8, 2014) (rejecting plaintiff's argument that defendant failed to comply with the meet and confer requirement and holding that "the email exchange between counsel . . . discussing the basis for the motion was sufficient to satisfy the meet and confer requirement of Local Rule 7-3.").

After initially refusing to meet with Defendant's counsel by the June 10 deadline, Plaintiff finally agreed to participate in a Zoom conference on June 11, during which Defendant's counsel again laid out the basis for the Fee Motion.  *See Evergreen Media Holdings, LLC v. Stroock & Stroock & Lavan LLP*, No. 15-CV-01648 (ABV)(BKX), 2015 WL 12765630, at *3 n.4 (C.D. Cal. Apr. 16, 2015) ("While Local Rule 7-3 generally requires more than a unilateral email or a letter war, Plaintiffs cannot create an issue under Local Rule 7-3 by ignoring preliminary requests to meet and confer.").

Even if Defendant had been required to meet and confer in person or via Zoom by June 10 instead of on June 11, Plaintiff suffered no prejudice in the one-day delay. *See, e.g., Reed*, 2013 WL 1344912, at *6 (electing to consider a motion on the merits notwithstanding an untimely pre-filing conference because the opposing party did not suffer any prejudice as a result of the late conference).  This is especially so when an earlier meet and confer would not have resulted in a different outcome. *See Meggs v. NBCUniversal Media, LLC*, No. 17-CV-03769 (ODW)(RAOX), 2017 WL 2974916, at *4 (C.D. Cal. July 12, 2017) (electing to consider a motion on the merits because a subsequent meet and confer would have resulted in the same outcome: the motion being filed).

---

[1] [Supplemental Declaration of Joanna M. Hill ("Supp. Hill Decl.") ¶ 3.]

3
REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

Plaintiff misleadingly tries to frame her efforts to mediate this dispute, ***after her amended complaint was dismissed with prejudice***, as her own attempt to meet and confer. [Opp. at 7-8.] But this is irrelevant to this Fee Motion. This matter was effectively closed once the Court signed the Judgment on June 3, 2021 (Dkt. #57), and Defendant had no obligation (much less any incentive) to mediate the dispute at that point. The time for Plaintiff to make an effort to resolve this matter was *before* she filed two deficient complaints and *before* Defendant was required to engage in extensive motion practice in order to have this action dismissed.

## III. DEFENDANT IS ENTITLED TO RECOVER ITS ATTORNEYS' FEES BECAUSE PLAINTIFF'S CLAIMS WERE OBJECTIVELY UNREASONABLE AND PURSUED IN BAD FAITH.

### A. Plaintiff's Claims Were Objectively Unreasonable And Frivolous.

Plaintiff argues that her claims were not objectively unreasonable for the following reasons: (1) she has an "unwavering moral conviction and good faith" belief that Defendant had access to her works; (2) her previous attorney allegedly mishandled her case; and (3) *Bull*'s showrunner recently left the show following an internal investigation. [Opp. at 4.] All of these irrelevant arguments are based on pure speculation and, in any event, do not demonstrate that Plaintiff had any facts to support her allegations regarding access and substantial similarity.

First, case law is clear that no matter how much a plaintiff may ***subjectively*** believe that a defendant had access to his/her works, if the plaintiff's theory is "unsupported by facts," the claim of infringement is objectively unreasonable. *See Gable v. Nat'l Broad. Co.*, No. 08-CV-4013 (SVW)(FFMX), 2010 WL 11506430, at *4, *5 (C.D. Cal. Aug. 6, 2010) (plaintiff "had no reason to believe that anyone… involved in the creation" of the allegedly infringing series had access to his work); *Shame on You*, 2016 WL 5929245, at *7 (finding plaintiff's claim objectively unreasonable despite her "inherently subjective opinion regarding the similarities

4
REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

149403606

between two works") (internal quotation and citation omitted). Here, Plaintiff admitted repeatedly during the parties' June 11 virtual conference that she knew she had no evidence to support her multiple theories of access, yet she insisted on pursuing her claims. [Supp. Hill Decl. ¶ 4; Declaration of Shelby A. Palmer ("Palmer Decl.") ¶ 3.]

Second, if Plaintiff believes her prior attorney mishandled the case, that may be the subject of a malpractice claim, but it has nothing to do with Defendant, and does not impact the Court's analysis of whether Plaintiff proceeded with objectively unreasonable claims. Plaintiff is not arguing that her prior attorney failed to explain to her what the standards are for a copyright infringement claim or that had he done so, Plaintiff would not have filed her initial complaint. Rather, she is essentially arguing that if she had been represented by competent counsel, she could have asserted a *stronger* claim. However, this Court has already found that Plaintiff's best allegations of access were speculative, and even if they had been sufficient, Plaintiff still failed to demonstrate infringement because her works were not substantially similar to the *Bull* Episode as a matter of law.

Third, Plaintiff does not and cannot argue that the departure of *Bull*'s showrunner has anything to do with any alleged copyright infringement, much less the purported infringement of her works or the merits of her claims, specifically. If Plaintiff had any actual evidence to support this assumption, she would have provided it. Instead, she continues to push conspiracy theories rooted in nothing but fiction.

### B. Plaintiff's Conduct During This Litigation Evidences Bad Faith.

To begin, a finding of bad faith is not necessary to an award of fees. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 560 (9th Cir. 1996) (affirming defendants' $1.3 million fee award even though plaintiff's claims were "neither frivolous nor prosecuted in bad faith"). Accordingly, the Court can award Defendant its reasonable attorneys' fees even if the Court were to conclude that Plaintiff did not act in bad faith.

Plaintiff claims her conduct does not demonstrate bad faith because she offered to participate in a mediation with Defendant to resolve her claims. But, her proposal to mediate was made *after* her amended complaint was dismissed with prejudice. Plaintiff's purported willingness to discuss compromise after she lost does not negate her bad faith conduct; if anything, it is evidence of continuing bad faith.

Further, Plaintiff does not deny that she threatened to continue litigating her meritless claims and to speak with the media about Defendant purportedly stealing ideas from a Black female writer unless Defendant agreed to purchase her works. Rather, she simply claims that this threat was not made during the parties' June 11 conference (it was in fact), but was made only in a separate email sent to Defendant's counsel on behalf of Plaintiff. [Supp. Hill Decl., ¶ 5; Palmer Decl., ¶ 4.]

Plaintiff attempts to distract the Court by arguing that Defendant itself engaged in bad faith conduct by offering to waive the fees it is legally entitled to recover in consideration for Plaintiff waiving an appeal. This proposal was not only completely reasonable, but also entirely common. *See, e.g., Marcus v. ABC Signature Studios, Inc.*, No. 17-CV-00148 (RSW)(LAJWX), 2017 WL 5592470, at *4 (C.D. Cal. Nov. 20, 2017) (holding that plaintiff's decision to pursue meritless infringement claims and subsequent rejection of defendants' offer to waive fees in exchange for plaintiff's waiver of an appeal demonstrated bad faith).

Plaintiff also falsely states that during the parties' June 11 conference, Defendant's counsel threatened her by saying "we just want to make you stop" and that "we'll have to fight it out in the Ninth Circuit." [Opp. at 4, 10-11.] This meeting was attended by two attorneys on behalf of Defendant – Joanna Hill and Shelby Palmer – both of whom emphatically refute ever making these statements.[2] [Supp. Hill Decl., ¶ 6; Palmer Decl., ¶ 5.]

---

[2] Plaintiff also claims that Defendant's counsel purposely deleted relevant emails in connection with the Hill Declaration filed in support of the Fee Motion. This is also demonstrably false. Ms. Hill included every email that was discussed in the Fee Motion. Ms. Hill did not include (but did not delete) an email from Plaintiff sent on the

## IV. THE REQUESTED ATTORNEYS' FEES ARE REASONABLE.[3]

In order to properly oppose the Fee Motion, Plaintiff was required to submit "evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). Plaintiff failed to do this.

Plaintiff does not refute, and therefore concedes, that defense counsel's fee rates are reasonable. Instead, Plaintiff argues that the amount of the fees requested is unreasonable primarily because (i) Defendant only engaged in two rounds of briefing, (ii) there were minimal meetings between the parties, and (iii) the amended complaint raised the same issues as the original complaint, so the second motion to dismiss should have required no additional time.[4]

Plaintiff is not an attorney and therefore has no basis upon which to evaluate the reasonableness of the work Defendant's counsel was required to perform in order to dispose of this case. Plaintiff ignores the fact that prior to filing a motion to dismiss a copyright infringement claim, the moving party must engage in a substantial amount of investigative work including reviewing the works in question, analyzing any and all possible similarities and researching relevant case law. Following the initial investigation, engaging in motion practice, even with respect to meritless claims, is a time consuming process. Plaintiff also overlooks time spent preparing for two court hearings and the briefing surrounding her motion to amend her original complaint.

---

day of the parties' June 11 Zoom meeting, in which Plaintiff requested that a mediator be present for their conference. Ms. Hill rejected the request as improper, and it was not included in her declaration simply because it was not relevant to the Fee Motion. [Hill Decl., ¶ 7.]

[3] Plaintiff does not dispute the amount of costs sought by the Fee Motion.

[4] Plaintiff also argues that since Ms. Hill was on maternity leave during some portion of the litigation, she should not have billed time during her absence. Ms. Hill's absence was specifically addressed in her declaration and had Plaintiff reviewed the exhibits to the declaration, it would have been clear that Ms. Hill did not bill any time during her leave. [*See* Dkt. # 58-1, ¶ 15, Ex. 4.]

Although Plaintiff's amended complaint contained many of the same deficiencies that were included in her original complaint, she included a few more purported similarities and added several new theories of access that required defense counsel to perform additional work that had not been performed in connection with Defendant's motion to dismiss Plaintiff's original complaint. Nonetheless, Defendant's counsel did in fact spend significantly less time preparing the second motion to dismiss, and that is reflected in the invoices provided in support of the Hill Declaration. [Dkt. #58-1, Ex. 4.]

Finally, defense counsel's hourly rates were discounted twice – the rates charged were initially discounted by 15%, and when rates typically would have gone up at the start of 2021, defense counsel continued to charge its 2020 rates (with the 15% discount included). [*See* ECF No. 58-1, ¶¶ 8-10, 12, Ex. 4.] And when compared to other fee awards in similar cases, it is clear that the 398 hours Defendant's counsel spent litigating this matter was more than reasonable. *See Lawrence*, 2011 WL 13217267, at *3 (finding over 800 hours in attorneys' fees were reasonable in defending against plaintiff's copyright claims); *Love v. Mail on Sunday*, No. 05-CV-7798 (ABC)(PJWX), 2007 WL 2709975, at *8-12 (C.D. Cal. Sep. 7, 2007) (applying only minor reductions when recovery for 1,109 hours of attorneys' fees was sought), *aff'd sub nom. Love v. Associated Newspapers, Ltd.*, 611 F.3d 601 (9th Cir. 2010); *Shame On You Prods.*, 2016 WL 5929245, at *18-19 (granting motion for attorneys' fees with only minor deduction when defendants sought recovery of approximately 800 hours of attorney's fees).

## V. DEFENDANT ALSO SEEKS AN ADDITIONAL $15,115 IN FEES INCURRED IN CONNECTION WITH THIS REPLY.

"'[T]ime spent in establishing the entitlement to and amount of the fee is compensable.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) (citing *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-660 (9th Cir. 1985)). Defendant

has incurred approximately $15,115 in additional fees for 22 hours spent analyzing Plaintiff's opposition to the Fee Motion, researching, drafting and revising this reply, and drafting the two supporting declarations. [Supp. Hill Decl. ¶ 9.]

## VI. CONCLUSION

For all of the reasons set forth above, Defendant respectfully requests that the Court award Defendant its reasonable attorneys' fees and costs in the amount of $283,830.75 as well as additional fees incurred in connection with any hearings relating to the Fee Motion.

Dated: July 6, 2021          KATTEN MUCHIN ROSENMAN LLP

By: /s/ *Joanna M. Hill*
Joanna M. Hill
Attorneys for Defendant
ViacomCBS Inc.

149403606

# PROOF OF SERVICE
## <u>Candesha Washington v. Viacomcbs, Inc.</u>
### U.S. District Court – Western Div. Case no. 2:20-cv-00435

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Katten Muchin Rosenman, LLP, 2029 Century Park East, Suite 2600, Los Angeles, California 90067-3012.

On July 6, 2021, I caused such documents entitled: **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS** on the interested parties in this action by placing a true and correct copy of the document enclosed in a sealed envelope addressed as follows:

**Candesha Washington**
**9663 Santa Monica Blvd., Suite 582**
**Beverly Hills, CA 90210**
**candywashington@gmail.com**

**(X) BY U.S. MAIL**: By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth above.

**(X) BY ELECTRONIC MAIL**: The documents were served electronically today and the transmission was reported as complete without error.

**( ) BY OVERNIGHT COURIER**: I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express), for delivery to the above address(es).

Executed on July 6, 2021, at Los Angeles, California.

                                */s/ Paula Phillips*
                                PAULA PHILLIPS

---

**Proof of Service**

149527963v1